IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KOYLE,<br>CHARLES K. TURNER, and THE<br>HARRIS RANCH, on behalf of<br>themselves and all others similarly<br>situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, INC.,<br>A Delaware Corporation,<br>LEVEL 3 COMMUNICATIONS, LLC,<br>a Delaware Limited Liability Corporation,<br>and LEVEL 3 TELECOM HOLDINGS,<br>INC., a Delaware Corporation<br><br>    Defendants. | Case No. CV-01-286-S-BLW<br><br><br><br><br><br><br>**MEMORANDUM<br>DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Level 3 Communication's motion to

dismiss, in which it seeks to have all of the class action allegations dismissed with

prejudice.   Defendant also seeks, as sanctions, an award of costs and attorney's

fees.  The Court will deny Defendant's motion to dismiss, based in large part upon

*Memorandum Decision and Order 1*

the Plaintiff's motion to amend the complaint and the Plaintiffs' stipulation that all class action claims except those relating to Idaho and Wyoming defendants may be dismissed with prejudice.  However, the Court will grant Defendant an award of attorney fees and costs limited to fees and costs incurred by reason of Plaintiffs' last-minute withdrawal of their motion to certify the class and their motion to reconsider the 12(h)(3) motion.

The Court also has before it Plaintiffs' motion to amend the original complaint.  Plaintiffs originally submitted this motion to amend their complaint by dismissing class members in Washington, Nevada, Utah, Arizona, New Mexico, and Oregon without prejudice.  However, Plaintiffs have indicated that they are now willing to amend their complaint by dismissing class members in those six states *with* prejudice.  The Court will grant Plaintiffs' motion to amend, treating it as Rule 41(a)(2) motion to dismiss.  In doing so, this Court dismisses any potential plaintiffs in the six above states with prejudice.

## FACTS AND PROCEDURAL HISTORY

For years, Level 3 Communications, LLC has been in the process of constructing a vast communications network spanning approximately 38 states.  To complete this network, Level 3 has installed thousands of miles of fiber optic cable, much of which runs along existing railroad lines.  In order to lay cable along

these lines, Level 3 entered into agreements with various railroad companies whereby the railroad companies allowed Level 3 to use the land.

On June 18, 2001, Plaintiffs Dennis Koyle, Charles Turner, and Harris Ranch filed a class action lawsuit against Level 3 Communications on behalf of themselves and various residents of the states of Idaho, Washington, Nevada, Utah, Arizona, New Mexico, Oregon, and Wyoming.  The Plaintiffs allege that Level 3 Communications placed fiber optic cable on their land without permission. Plaintiffs seek declaratory relief, disgorgement of profits, damages resulting from trespass, punitive damages, and injunctive relief.

In addition to the lawsuit before this Court, a number of other actions have been filed elsewhere affecting the parties in this case.  In 1998 and 2001, counsel for Plaintiffs obtained nationwide class certification in federal court in *Hinshaw v. AT&T Corp.*, 1998 WL 1799019 (Ind. Super. Ct. August 24, 1998) and *Isaacs v. Sprint*, No. 00 155 GPM (S.D. Ill April 6, 2001).  The complaint for the instant case was filed shortly after class certification in the above cases, along with a case in Illinois which Plaintiffs refer to as *Bauer I.  Bauer v. Level 3*, No. 01-CV-308-DRH (S.D. Ill.).  After the complaint for the present case was filed, however, the Seventh Circuit Court of Appeals reversed the class certification in *Hinshaw* and *Isaacs* and questioned whether federal subject matter jurisdiction existed in those

cases.

Following the Seventh Circuit's reversal of certification on the two extant federal class actions, Plaintiffs took various strategic steps.  First, they re-filed *Bauer I* as a state court action in Madison County – a lawsuit Plaintiffs now refer to as *Bauer II.  Bauer v. Level 3*, No. 02-L-541 (Madison County, Ill.)  Second, in this case, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 12(h)(3) styled as a "suggestion," asking the Court to rule on federal subject matter jurisdiction.  They argued in their 12(h)(3) motion that a determination of subject matter jurisdiction was necessary following the Seventh Circuit ruling in order to avoid litigating this matter only to have it later dismissed for lack of jurisdiction. Plaintiffs have stated that the 12(h)(3) "suggestion" motion was entirely neutral and served the purpose of asking the Court to consider this issue to avoid wasting time and resources.  In response to Plaintiffs' motion, the Court issued a decision on May 7, 2003, finding that federal subject matter jurisdiction does exist.  Shortly thereafter, Plaintiffs filed a motion to reconsider.  Plaintiffs later withdrew the motion to reconsider after the Court received Level 3's memorandum in opposition to it.

Another shift occurred in February 2003, when Illinois state courts certified classes in *Poor v. Sprint Corp.*, No. 99-L-421 (Madison County, Ill. Feb. 20, 2003)

and in *Becherer v. Qwest*, No. 02-L-140 (St. Clair County, Ill. Feb. 14, 2003),

holding that multi-state and even nation-wide class actions of this nature are

actually preferable in Illinois state court.  Plaintiffs have argued that this

necessitated a change in their litigation strategy.  They believe that their class in

Madison County (*Bauer II*) will also receive certification, at which time the eight-

state class action in the present case would be unnecessary and six of the states

included could be withdrawn.  Accordingly, Plaintiffs filed a motion to terminate

their own previous motion for class certification in this case in March 2003, shortly

before a scheduled hearing on the issue.

On June 19, 2003, Defendant Level 3 filed this motion to dismiss asserting

that Plaintiffs' actions have caused undue delay and expense.[1]  Level 3 argues that

the actions were a strategic move on the part of the Plaintiffs to avoid the Court's

jurisdiction.  As a result of this, Level 3 argues that it has been forced to spend

time and resources litigating against unnecessary motions.  Level 3 requests that

the Court dismiss Plaintiffs' lawsuit with prejudice against all but the named

Plaintiffs as a sanction pursuant to Federal Rule of Civil Procedure 41(b) and asks

for attorney fees and costs.

---

[1]The Court's disposition of Defendant's motion was delayed by the fact that this case was
stayed for over a year following the motion.  Now that this case is again active, the Court
considers this motion along with the Plaintiffs' recent motion to amend.

On June 3, 2005, the Plaintiffs in this case filed a motion to amend their
original complaint.  They argue that due to various developments in case law,
particularly the rulings by the Seventh Circuit Court of Appeals denying class
certification in two federal suits and the successful class certification in Illinois
state courts in two similar suits, it is appropriate for them to amend this action to
include only Idaho and Wyoming plaintiffs.  In briefings, Plaintiffs asked that the
Court grant this motion without prejudice, but at oral argument counsel for
plaintiffs noted that they would agree to dismissal with prejudice.

## ANALYSIS

Preliminarily, the Court notes that the Defendant's motion to dismiss and
Plaintiffs' motion to amend are similar in the results they seek.  While Defendant
seeks to have all but the named plaintiffs dismissed with prejudice, Plaintiffs seek
to have all but the Idaho and Wyoming plaintiffs dismissed.

## I.    Defendant Level 3 Communications' Motion to Dismiss and for Fees and Costs

Defendant Level 3 asks the Court to dismiss Plaintiffs' class action claims as
a sanction pursuant to Federal Rule of Civil Procedure 41(b).  The Ninth Circuit
has identified five factors for courts to consider when resolving a request for
sanctions under Rule 41:  (1) the public's interest in expeditious resolution of

*Memorandum Decision and Order 6*

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A motion to dismiss may be granted if four, or even as few as three, of the above factors favor dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (holding that even where the prejudice factor and public policy favoring disposition on the merits both weigh against dismissal, a case may be dismissed if the other three factors heavily support dismissal). However, the Ninth Circuit has stressed that dismissal is a "harsh penalty, and therefore it should only be imposed in extreme circumstances." *Id.* at 1260.

Beginning with the first factor identified by the Ninth Circuit, the public's interest in expeditious resolution would be well-served by a dismissal. As the Ninth Circuit has noted, the public's interest in expeditious resolution always favors dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The questions for the first factor therefore become whether the amount of delay by the plaintiff warrants such a sanction and the extent to which the public interest is served by swift resolution.

In the present matter, delay has been significant. This lawsuit was filed over four years ago and continues to drag on today with little significant progress

*Memorandum Decision and Order 7*

toward resolution.  While some of this delay is attributable to factors beyond the

Plaintiffs' control, much of it is the direct result of their actions.  Plaintiffs filed a

12(h)(3) "suggestion" motion, requesting that the Court determine whether or not

federal subject matter jurisdiction exists in the present matter.  They argue that this

motion was neutral and solely for the purpose of avoiding a later dismissal after

resources had been expended on both sides.  However, after the Court found that it

had jurisdiction (something originally pled by the Plaintiffs), Plaintiffs filed a

motion to reconsider, demonstrating that the original 12(h)(3) motion was not

neutral, but rather represented an attempt to avoid adjudication in this Court.  Had

the purpose of the 12(h)(3) motion truly been to prevent wasted resources in the

event of a later ruling against jurisdiction, the Plaintiffs would have been satisfied

by the Court's decision that it had jurisdiction.  Instead, they chose to challenge the

Court's finding that it had jurisdiction – a position which they themselves had

asserted in their original complaint.  Though Plaintiffs withdrew their motion to

reconsider, they did so only after the Defendant had spent time and resources

responding to this motion.

The Plaintiffs' withdrawal of their motion for certification was also

inconsistent with the expeditious resolution of this matter.  This withdrawal

occurred two weeks prior to a scheduled hearing before the Court on the issue of

class certification.  Plaintiffs argue that the withdrawal was necessary to pursue their litigation strategy as a result of changes in case law in other states.  This argument, even if true, does not change the fact that the withdrawal delayed the proceedings, frustrating the goal of expeditious resolution.[2]

Plaintiffs' 12(h)(3) motion to reconsider and the withdrawal of their certification motion also favor dismissal with respect to the second factor identified by the Ninth Circuit: the Court's need to manage its own docket.  As a result of Plaintiffs' 12(h)(3) "suggestion" motion regarding jurisdiction, the Court stayed counsels' briefings on the issue of certification.  After finding that jurisdiction did in fact exist, the Court set a hearing date on the issue of certification for March 28, 2003.  On March 13, 2003, Plaintiffs withdrew their motion for certification, after opposing counsel had undoubtedly expended considerable time and resources preparing for the hearing.  While this may have been a strategically expedient maneuver based on evolving case law, it frustrated the Court's attempts to control its own docket.

---

[2]Plaintiffs claim that the withdrawal of their class certification motion occurred with the advance approval of the Court's clerk.  This is a slight mischaracterization.  In a telephone call in early March of 2003, Plaintiffs' counsel informed the Court's clerk that Plaintiffs were unable to argue the class certification motion on the scheduled hearing date.  In response to this, the clerk suggested that the best course of action would be to withdraw the motion for administrative convenience.  The Court's clerk, however, did not suggest or approve any decision by the Plaintiffs not to pursue their class certification motion on the scheduled hearing date.

Turning to the risk of prejudice to the defendant, the Court notes that the Ninth Circuit has held that "[L]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays." *Yourish*, 191 F.3d at 991 (quoting from *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  However, Plaintiffs' actions in this lawsuit were unreasonable. After filing a "suggestion" motion regarding subject matter jurisdiction, Plaintiffs filed a motion to reconsider after the Court found jurisdiction, despite the fact that they had argued for jurisdiction from the beginning of this lawsuit.  Moreover, Plaintiffs' withdrawal of their motion for certification, while arguably reasonable from a strategic perspective, caused the Defendant to prepare for a briefing on certification only to have the hearing cancelled two weeks before the hearing date. These actions were unreasonable, and prejudiced the Defendants by causing unnecessary delays.

The fourth factor the Court must consider is the public policy favoring disposition of cases on their merits.  This factor weighs against dismissal since dismissing the case would prevent the Court from deciding the underlying issues.

The fifth factor, the availability of less-drastic measures, also weighs against dismissal.  In determining whether a district court has appropriately availed itself

of lesser sanctions, the Ninth Circuit has looked to alternative possibilities such as court orders, warnings, and the use of monetary penalties before employing dismissal as a sanction. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). Since the Court has not yet utilized any of these as a means of addressing Plaintiffs' actions, the fifth factor weighs heavily against dismissal.

Here, three of the five factors set forth by the Ninth Circuit weigh in favor of dismissal. While three factors may be enough to warrant dismissal, all three must weigh heavily in favor of dismissal in order for such a remedy to be appropriate. *See e.g. Ferdik*, 963 F.2d at 1262-63. Moreover, the Ninth Circuit has cautioned that dismissal is a drastic measure only to be used "in the most extreme circumstances." *Id.* at 1260. The three factors favoring dismissal do not weigh heavily in favor of that sanction. The delays Plaintiffs have caused in scheduling and in docket control have been relatively minor. Moreover, while Defendant is prejudiced by these unreasonable delays, the harm is not so egregious that it cannot be remedied by a less draconian sanction. In view of the less drastic alternatives available, dismissal under Rule 41(b) would be an inappropriate measure. Accordingly, the Court denies Defendant's motion to dismiss as a sanction.

Although the Court concludes that dismissal is not warranted, other sanctions are appropriate and called for. The Plaintiffs have caused undue delay

*Memorandum Decision and Order 11*

and burden for the Defendant.  For this reason, the Court will award Defendant

Level 3 any and all costs and fees associated with defending against Plaintiffs'

motion to reconsider the Court's ruling on Plaintiff's 12(h)(3) motion.

 Additionally, as a result of this decision, a limited award of costs and fees

incurred in preparing for the aborted class certification hearing will be granted.

The Court will now move forward with class certification, but limited only to

certification for putative class members from Idaho and Wyoming.  The Court will

award costs and fees incurred by Defendant Level 3 Communications in preparing

for the originally-scheduled class certification hearing, to the extent that those

costs and fees will now have to be duplicated in upcoming hearings for class

certification of Idaho and Wyoming plaintiffs, whether conducted here or in the

District of Wyoming.  However, the Court will not award costs and fees incurred

with regard to class certification for the remaining six states, since the net effect of

today's ruling is to achieve the result sought by the Defendant – the denial of class

certification in those six states.

## II. Motion by Plaintiffs to Amend

 The Plaintiffs have filed a motion for leave to amend their complaint to

include only Idaho and Wyoming plaintiffs.  Because Plaintiffs stipulated at oral

argument that this motion could be considered with prejudice, the Court grants the

motion with prejudice, dismissing all plaintiffs in Oregon, Washington, Utah, Nevada, Arizona, and New Mexico.  In doing so, the Court treats Plaintiffs' motion to amend as a Rule 41(a)(2) motion to dismiss.

Rule 41(a)(2) states that an action may be dismissed at the plaintiff's instance upon order of the court.  Fed. R. Civ. P. 41(a)(2).  A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  When dismissing actions under Rule 41(a)(2) the district court retains broad discretion to grant dismissal "upon such terms and conditions as the court deems proper."  *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).  That includes the discretion to grant a dismissal with prejudice unless otherwise specified by the plaintiff.  *Id.*

In the instant case, Plaintiffs have agreed at oral argument to an amendment of their complaint which dismisses with prejudice the class certification claims of all plaintiffs in Washington, Nevada, Utah, Arizona, New Mexico, and Oregon. This motion does not prejudice Defendant Level 3 communications, but rather provides, in large part, the very relief Level 3 seeks through its motion to dismiss.

The Court's willingness to grant this motion, however, is contingent upon this dismissal being with prejudice.  If the dismissal were without prejudice,

Defendant would be prejudiced by the danger of having to defend against these same claims if they were to be re-filed.   In the event the Court were to consider Plaintiffs' motion to amend by dismissing the class members in the above six states without prejudice, the Court would, in all likelihood, deny the motion under Rule 16.[3]

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED,

IT IS FURTHER ORDERED, that Defendant's motion to award attorney fees and costs is HEREBY GRANTED in part and DENIED in part.  Defendant is awarded fees and costs with respect to Plaintiffs' motion for reconsideration of Plaintiffs' 12(h)(3) motion filed on March 13, 2003 and with respect to briefings and preparations incurred in preparation for the original March 28, 2003 hearing,

---

[3]The Ninth Circuit has held that once a district court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 establishing timetables for amending, the standards set forth by Rule 16 apply.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Rule 16 provides that schedules set forth by the district court for amending complaints may not be modified except by leave of the district court upon a showing of good cause.  *Id.* at 608.  While the Court finds somewhat persuasive the argument that a motion to amend which limits, rather than expands, the issues before the Court should be considered under the more permissive Rule 15 standard, a dismissal without prejudice in this case would not have such a narrowing effect because of the likelihood that such claims will simply be re-filed.

and which will now have to be duplicated in any upcoming class certification hearing.  Defendant shall submit to the Court a bill of costs identifying those fees recoverable under this Order.

IT IS FURTHER ORDERED that Plaintiffs' motion to amend is HEREBY GRANTED as a Rule 41(a)(2) motion to dismiss with prejudice all members of the plaintiff class in the states of Arizona, Washington, Oregon, Utah, Nevada, and New Mexico.

IT IS FURTHER ORDERED that counsel shall forthwith contact the Court's in-court deputy and schedule a hearing on class certification for named and putative plaintiffs in the states of Idaho and Wyoming.

DATED:  **July 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court