IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KOYLE, CHARLES K. TURNER, and THE HARRIS RANCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, INC., a Delaware corporation, LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability corporation, and LEVEL 3 TELECOM HOLDINGS, INC., a Delaware corporation,<br><br>Defendants. | Case No. CV 01-0286-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

This case has had a tortured history. The plaintiffs, Dennis Koyle, Charles Turner, and the Harris Ranch, filed this class action suit nine years ago, alleging that Defendant Level 3 Communications[1] improperly laid fiber optic cable over their property, along a railway easement, without their permission. They seek monetary relief and an injunction prohibiting Level 3 from operating or maintaining the cable.

On December 5, 2005, this Court certified a hybrid class pursuant to Rule 23(b)(2) & (3). Following class certification, the parties requested and were granted a lengthy stay

---

[1] The Court will refer to all the Level 3 defendants collectively as "Level 3."

**MEMORANDUM DECISION & ORDER - 1**

to allow the parties to settle all claims in this case and other matters nationwide. The settlement efforts proved unfruitful, and on April 2, 2010, the Court ordered Plaintiffs to submit a plan to address the issue of providing notice to absent class members. Plaintiffs now seek approval of a plan to provide notice to the current owners of land adjacent to the railroad rights-of-way where Level 3 has installed cable. (Docket No. 164).

On August 3, 2010, the Court held an in-person Case Management Conference. During this hearing, counsel and the Court discussed proposed methodology for directing notice to class members, as well as other case management issues.

For the reasons discussed below, the Court will approve the four part notice plan proposed by Plaintiffs, with one exception: those receiving notice will include all landowners who owned the property underlying or adjacent to the rights of way where the fiber-optic cable is installed *at any time* from January 1, 2000 until the present.

In addition, in accordance with the agreements reached in the August 3, 2010 hearing, and to further the efficient administration of this matter, the Court directs the parties to file any dispositive motion raising issues that will narrow the focus of the case and streamline the litigation by **September 8, 2010**.

## DISCUSSION

**1.      Proposed Methodology for Notifying Class Members of Pending Class Action**

In an earlier decision, this Court certified the following class: "All owners of land in Idaho that underlies or is adjacent to a railroad right-of-way within which defendants own, operate, or use fiber optic cable." (Memorandum Decision and Order, Dkt. 122 at

**MEMORANDUM DECISION & ORDER - 2**

14.) Plaintiffs now propose a four-part plan to provide notice to the certified class: (1) detailed notice be directly mailed to current landowners identified in a database complied by Level 3, which lists the owners of the property underlying or adjacent to the rights of way where the fiber-optic cable is installed; (2) summary notice placed in daily newspapers with significant circulation within the class area; (3) neutral information website maintained to provide class members with a copy of the detailed notice, an exclusion form, relevant court pleadings, a cooperatively prepared map showing location of fiber-optic cable and list of cities and counties where cable is located, and information on class counsel; and (4) neutral court-approved press release disseminated to potentially extend awareness via news stories.

### A. *Standard of Law*

Rule 23(e)(1)(B) provides that "[t]he Court must direct notice in a reasonable manner to all class members who would be bound by the proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(B). The purpose of mandatory notice to the class is "to fulfill requirements of due process." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). This is true even where giving individual notice would require extra work or entail extra expense for class plaintiffs. *Eisen*, 417 U.S. at 176.

### B. *Detailed Notice*

Level 3 previously compiled a list of the owners of the property underlying or adjacent to the rights of way where the fiber-optic cable is installed, and Plaintiffs argue that it is reasonable to provide Detailed Notice (Ex. B, 164-2) by direct mail to those

owners. This list of owners is stored in a DMS database created in 2003. Plaintiffs suggest that Class Counsel update the database within 30 days to account for any property transactions since creation of the database. They propose that the Detailed Notice should be mailed to the current owners only.

But Defendants object. According to Defendants, only those who owned a fee interest in the right of way when the fiber optic cable was installed may have a claim for trespass. Defendants therefore argue that Plaintiffs' proposed notice is inadequate because it is only directed at *current* landowners rather than all landowners who (1) owned the adjacent property in June or September of 2000 – when the fiber optic cable was installed; and (2) who also owed an interest in the right of way at that time. (Defs.' Opp'n. at 2, Dkt. 165.)

Defendants' first argument – that only those who owned the property in 2000 should receive notice – assumes that Plaintiffs' Complaint contains allegations of a "permanent trespass." Defendants reason that a permanent trespass gives rise to a single claim," which can only be asserted by the owner of the property when the trespass occurred. Subsequent buyers do not have a claim for permanent trespass. Therefore, according to Defendants, a notice limited to current landowners would not provide adequate notice because it (1) omits an entire subset of potential claimants who owned the property in 2000 but later sold it and (2) improperly includes those who own the property now but who did not own it in 2000.

Defendants further object to Plaintiffs' proposed notice plan because it would

**MEMORANDUM DECISION & ORDER - 4**

improperly direct notice to those who own property adjacent railroad right of way but whose deed excludes any interest in the right of way.  Defendants also note that even if an owner's current deed does not specifically exclude an interest in the right of way, this interest may have been excluded earlier in the chain of title.  Defendants claim that it is improper to wait to resolve these issues until after providing notice because it would violate the due process requirements of giving notice to the proper parties.

 Defendants do not stop there: they argue these alleged deficiencies in Plaintiffs' proposed notice plan warrant decertifying the class.

The Court disagrees that the concerns Defendants raise justify decertifying the class.  The Court also disagrees that these concerns should impede the provision of notice to the class.   After discussing this issue at oral argument, the parties ultimately agreed that notice should be given to any landowners who owned the property underlying or adjacent to the rights of way where the fiber-optic cable is installed *at any time* from January 1, 2000 until the present.  This list may later prove over-inclusive, but the notice simply states that the landowner *may* have a claim.  Resolving merits-based issues, such as whether  Plaintiffs' have alleged a permanent or continuing trespass, or conducting a painstaking review of hundreds of deeds, are tasks better left for another day – after notice has been issued and the opt-out period has expired.

This approach benefits all.  It will allow the case to move forward.  And it will ensure that any merits-based decisions bind all who receive notice and do not choose to opt-out. In this manner, Defendants will not have to face subsequent claims from adjacent

landowners who might disagree with a pre-notice decision by this Court finding that their deeds exclude any interest in the right of way, or that they lack a right to assert a claim because they did not own the property when the cable was installed. This decision, however, does not preclude Defendants from filing a motion for decertification whenever they feel it is appropriate to do so.

Accordingly, the Court directs Class Counsel to update the DMS database to include all owners who owned the property at any time from January 1, 2000 to the present within 30 days from entry of this Order. Plaintiffs shall then provide Detailed Notice to all those identified in the database. Other than this clarification regarding to whom Detailed Notice should be directed, the Court otherwise approves of the form and manner of notice proposed by Plaintiffs, including publication of Summary Notice, maintenance of a Neutral Information Website, and publication of a Neutral Press Release. The opt-out period shall be 60 days. Details of the Notice Program will be set forth in a separate Case Management Order.

2.   **Case Management**

Each party submitted a proposed litigation plan. These proposed litigation plans reveal substantial disagreement between the parties as to how this case should proceed. Plaintiffs urge that this case continue to move forward at a clipped pace with a final dispositive motion deadline of April 1, 2011, and a trial beginning some time in the summer of 2011. Defendants are more measured in their approach. They propose a September 15, 2011 dispositive motion deadline with the expectation that a substantial

number of summary judgment issues may need to be addressed. Defendants also anticipate extensive discovery regarding merits and damages issues.

After discussing these issues at oral argument, the Court and counsel agreed that certain legal issues may be amenable to early resolution – before the parties embark on extensive discovery. The Court therefore directs the parties to file any dispositive motion raising issues that will narrow the of focus of the case and streamline the litigation by **September 8, 2010**.

To ensure that the court's decision on that first round of dispositive motions will be binding on the class, the Court will not render a decision on any dispositive motion filed until the deadline for class members to opt out has expired. The parties will have an opportunity to file a second round of dispositive motions. A deadline for such further motions will be determined at a later date. The Court and parties will reconvene after this first round of dispositive motions are decided to discuss any future deadlines and procedures that will govern this litigation.

## ORDER

IT IS ORDERED that:

1. Plaintiffs' Submission of Proposed Methodology for Notifying Class Members of Pending Class Action (Dkt. 164) is GRANTED in part and DENIED in part as outlined above.

2. By **September 8, 2010**, the parties shall file any dispositive motion that will narrow the focus of the case and streamline the litigation.

3. A separate Case Management Order outlining the relevant procedures and deadlines as set forth in the decision will be entered concurrently.

DATED: **August 6, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge