Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Boulevard, 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone:  (208) 345-2000
Facsimile:  (208) 385-5384
srt@moffatt.com
tya@moffatt.com
18-880

Joseph E. Jones
FRASER STRYKER PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska  68102-2663
Fax:  (402) 341-8290

Attorneys for Defendants Level 3 Communications, Inc., Level 3 Communications, LLC and Level 3 Telecom Holdings, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KOYLE, CHARLES K.TURNER, and THE HARRIS RANCH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEVEL 3 COMMUNICATIONS, INC., a Delaware Corporation, LEVEL 3 COMMUNICATIONS, LLC, a Delaware Limited Liability Corporation, and LEVEL 3 TELECOM HOLDINGS, INC., a Delaware Corporation,<br><br>    Defendants. | Civil No. 01-286-S-BLW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE CENTERLINE PRESUMPTION** |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................... 1

II. ARGUMENT .............................................................................................................. 1

    A. Standard of Review................................................................................................ 1

    B. **The Strip and Gore Doctrine Does Not Apply to Railroad Right of Ways Under Idaho Law** ........................................................................... 2

    C. **The Strip and Gore Doctrine Would Not Resolve the Numerous Issues of Whether Each Adjoining Landowner Owns an Interest in the Railroad Right of Ways Where Level 3's Cable is Installed** ........................................................................................................ 4

    D. **The Strip and Gore Doctrine Merely Creates a Rebuttable Presumption** ....................................................................................................... 7

    E. **The Strip and Gore Doctrine Does Not Resolve the Numerous Issues of Whether the Language of Other Landowners' Deeds Excludes an Interest in the Railroad Right of Ways Where Level 3's Cable is Installed** ............................................................................ 8

III. CONCLUSION .......................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

Alabama Great Southern R.R. Co. v. Owens, 118 So. 332, 333 (Ala. 1928) ................ 10

Beres v. United States, 64 Fed. Cl. 403 (Fed. Cl. 2005) ............................................. 5, 6

Blendu v. United States, 79 Fed. Cl. 500, 511 n.11 (Fed. Cl. 2007) .............................. 3

C&G, Inc. v. Rule, 25 P.3d 76, 81-82 (Idaho 2001) ............................................ 1, 2, 3, 4

Carney v. Heinson, 985 P.2d 1137, 1141 (Idaho 1999) ............................................. 3, 7

Casella v. Sneirson, 89 N.E.2d 8, 10 (Mass. 1949) ...................................................... 10

Detroit Lumber Co. v. Arbitter, 233 N.W. 179, 183 (Mich. 1930) ................................. 10

Hash v. United States, 403 F.3d 1308 (Fed. Cir. 2005) .............................................. 5, 6

Home on the Range v. AT&T Corp., 386 F. Supp. 2d 999 (S.D. Ind. 2005) ............... 5, 6

Joens v. Baumbach, 226 P. 400 (Cal. 1924) ................................................................ 11

Klingenbiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 (9th Cir. 1974) ....................... 2

Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1995) ..... 2, 3

McRae v. SSI Development, LLC, 656 S.E.2d 138, 139 (Ga. 2008) .............................. 9

Monogram Development Co. v. Natben Constr. Co., 171 N.E. 390, 390 (N.Y. Ct. App. 1930) .................................................................................................................. 10

Oklahoma v. Texas, 258 U.S. 574, 594-95 (1922) ......................................................... 6

Olin v. Denver & Rio Grande R.R. Co., 53 P. 454, 455 (Colo. 1898) ............................ 9

Phillips Indus., Inc. v. Firkins, 827 P.2d 706, 710 (Idaho Ct. App. 1992) ....................... 7

Porter v. Bassett, 195 P.3d 1212, 1218 (Idaho 2008) .................................................... 7

Reece v. Pocatello/Chubbuck Sch. Dist. No. 25, 713 F.Supp.2d 1222, 2010 WL 1817787, *3 (D. Idaho May 5, 2010) ........................................................................ 2

Seery v. City of Waterbury, 74 A. 908, 909 (Conn. 1909) ............................................ 11

Severy v. Central Pac. R.R. Co., 51 Cal. 194, 196-97, 1875 WL 1790 (Cal. 1875) ....... 11

Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001) .......................... 2

Smith v. Malone, 742 N.E.2d 785, 789-90 (Ill. Ct. App. 2000) ......................................... 7

Standard Oil Co. v. Milner, 152 So.2d 431, 436 (Ala. 1963) .......................................... 10

State of Idaho v. Oregon Short Line R.R. Co., 617 F. Supp. 207, 211-12 (D. Idaho 1985) ................................................................................................................ 4, 5

Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 939 (9th Cir. 2001) ........................ 2, 3

U.S. Fidelity & Guar. Co. v. Denver, 133 A. 723, 724 (Md. Ct. App. 1926) ................... 10

Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1335 (9th Cir. 1990) ..................... 4, 5

Washington & Idaho R.R. Co. v. Osborn, 160 U.S. 103 (1895) ........................................ 5

**Statutes**

28 U.S.C. § 1331 ............................................................................................................... 2

28 U.S.C. § 1332 ............................................................................................................... 2

43 U.S.C. § 912 ................................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 56(c)(2) ..................................................................................................... 1

I.  INTRODUCTION

The Idaho Supreme Court has refused to apply the centerline presumption, also known as the "strip and gore" doctrine in Idaho, to railroad right of ways.  See C&G, Inc. v. Rule, 25 P.3d 76, 81-82 (Idaho 2001).  Because this Court is bound to follow Idaho law, Plaintiffs' lengthy dissertation about the history of the centerline presumption is irrelevant and Plaintiffs' motion for summary judgment regarding the centerline presumption should be denied.

Not only is the strip and gore doctrine not applicable here, the doctrine would not resolve the numerous issues surrounding whether any adjoining landowner owns an interest in the railroad right of ways where Level 3's cable is installed.  Additionally, because it is merely a presumption that can be rebutted, Plaintiffs' summary judgment motion is premature.  The only discovery conducted in this case related to class certification.  Also, contrary to Plaintiffs' implication, resolution of whether the centerline presumption applies to the named Plaintiffs' deeds would not resolve the numerous issues relating to whether other adjoining landowners' deeds expressly exclude an interest in the railroad right of ways where Level 3's cable is installed.

II.  ARGUMENT

A. Standard of Review

A motion for summary judgment should only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In ruling on summary judgment motions, "[t]he evidence, including all reasonable inferences which may be drawn therefrom, must be

1

viewed in a light most favorable to the non-moving party." <u>Reece v. Pocatello/Chubbuck Sch. Dist. No. 25</u>, 713 F.Supp.2d 1222, 2010 WL 1817787, *3 (D. Idaho May 5, 2010).

On issues governed by state law, "a federal district court **must apply the state law that would be applied by the state court of the state in which it sits**. This is true whether the basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." <u>Shannon-Vail Five Inc. v. Bunch</u>, 270 F.3d 1207, 1210 (9th Cir. 2001) (emphasis added).  This Court has held that it has diversity jurisdiction over this matter.  <u>See</u> Memorandum Decision & Order, Doc. 68, 3/10/03, p. 1.  The Ninth Circuit has stated that the duty of a federal court, sitting in diversity, "'is to ascertain and apply the existing [state] law, not to predict that [a state] may change its law.'"  <u>Mangold v. California Public Utilities Comm'n</u>, 67 F.3d 1470, 1479 (9th Cir. 1995) (quoting <u>Klingenbiel v. Lockheed Aircraft Corp.</u>, 494 F.2d 345, 346 (9th Cir. 1974)).  Accordingly, "federal courts are bound by the pronouncements of the state's highest court on applicable state law."  <u>Ticknor v. Choice Hotels Int'l, Inc.</u>, 265 F.3d 931, 939 (9th Cir. 2001).

**B. The Strip and Gore Doctrine Does Not Apply to Railroad Right of Ways Under Idaho Law**

The Idaho Supreme Court was asked to apply the strip and gore doctrine to railroad right of ways, and has refused to do so.  <u>C&G, Inc. v. Rule</u>, 25 P.3d 76, 81-82 (Idaho 2001).  In <u>C&G</u>, the plaintiffs' ancestors deeded a strip of land to a railroad, and the plaintiffs later sued to recover that land when the railroad stopped using it.  25 P.3d at 77-78.  The plaintiffs argued that the deeds under which the railroad obtained its interest should be construed as having conveyed only an easement, and not a fee, to

2

the railroad. Id. at 81. Otherwise, the deeds would permanently alienate a long strip of land from the remainder of the adjoining parcel, in a manner inconsistent with the policies underlying the strip and gore doctrine. See id.; see also Carney v. Heinson, 985 P.2d 1137, 1141 (Idaho 1999) (noting that one purpose of the doctrine is to prevent litigation over detached strips and gores of land which are generally of no use to anyone other than the adjacent lot owner). Rather than holding that the strip and gore doctrine did not apply under the particular facts of that case, the C&G court held, more broadly, that the doctrine did not apply to railroad right of ways in Idaho. C&G Inc., 25 P.3d at 81-82. The United States Court of Federal Claims reached that same conclusion. See Blendu v. United States, 79 Fed. Cl. 500, 511 n.11 (Fed. Cl. 2007) (citing C&G, and concluding the strip and gore doctrine does not apply to grants involving railroad right of ways in Idaho). Incredibly, Plaintiffs contend the Idaho Supreme Court has not had occasion to address the issue of whether the strip and gore doctrine applies to railroad right of ways. See Plaintiffs' Centerline Brief, Doc. 176-1, p. 9.

This Court does not have to delve into the history and development of the strip and gore doctrine or review the rationales given by 14th century English authorities for applying that rule. See Plaintiffs' Centerline Brief, Doc. 176-1, p. 3, n.1, p. 6-9. This Court is bound by current Idaho law. See Mangold, 67 F.3d at 1479 (stating that the duty of a federal court, sitting in diversity, "is to ascertain and apply" existing state law, and not to predict changes in the law); Ticknor, 265 F.3d at 939 (stating that in a diversity case, "federal courts are bound by the pronouncements of the state's highest court on applicable state law"). Under current Idaho law, the strip and gore doctrine

3

does not apply to railroad right of ways.  See C&G, Inc., 25 P.3d at 81-82.  Plaintiffs' motion for summary judgment on the centerline presumption should be denied.

### C. The Strip and Gore Doctrine Would Not Resolve the Numerous Issues of Whether Each Adjoining Landowner Owns an Interest in the Railroad Right of Ways Where Level 3's Cable is Installed

Not only is the "strip and gore" doctrine not applicable to railroad right of ways in Idaho, the doctrine would not resolve the numerous issues required to determine whether any particular landowner owns an interest in the railroad right of ways at issue. The Court conditionally certified the class based on the representation by Plaintiffs' counsel that "the vast bulk of Union Pacific's ownership interest in Idaho comes from the 1875 General Right-of-Way Act" (hereinafter, "1875 Act").  Memorandum Decision & Order, Doc. 122, 12/01/05 (hereinafter, "2005 Certification Order"), at 6.  Counsel's representation, however, was based upon a map showing the route that was subject to the 1875 Act.  Plaintiffs did not present any evidence concerning the number of parcels of land that were occupied before the railroad perfected a land grant interest in the right of way or the number of parcels as to which the railroad made a private acquisition of right of way.  The only way to make that determination is to conduct a parcel-by-parcel analysis.

This Court has held that whatever property interest in the right of way that was not conveyed by the United States to the railroads by the 1875 Act was retained by the United States and is subject to disposition under 43 U.S.C. § 912.  State of Idaho v. Oregon Short Line R.R. Co., 617 F. Supp. 207, 211-12 (D. Idaho 1985).  The Ninth Circuit has agreed.  Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1335 (9th Cir. 1990).

4

In order to show that any class member owns an interest in the right of way, Plaintiffs must prove that a predecessor in the class member's chain of title perfected title to the land on which the right of way is located before the railroad obtained its interest.  See Washington & Idaho R.R. Co. v. Osborn, 160 U.S. 103 (1895) (settler's title superior where he proved that, before railroad's rights vested under 1875 Act, he had improved, fenced, and resided on the land, intended to continue to reside on the land, had not abandoned a residence on his own land, and did not own 320 acres of land elsewhere).

Next, the class member would have to prove that no one in the chain of title conveyed the interest in the right of way back to the railroad.  For each such conveyance, the deed, condemnation records, or other documents that demonstrate what was conveyed would have to be located and construed.

There are courts outside the Ninth Circuit that have held that the United States can pass its retained interest in an 1875 Act right of way with a subsequent patent. Hash v. United States, 403 F.3d 1308 (Fed. Cir. 2005); Beres v. United States, 64 Fed. Cl. 403 (Fed. Cl. 2005); Home on the Range v. AT&T Corp., 386 F. Supp. 2d 999 (S.D. Ind. 2005).  This court, however, is bound by the Ninth Circuit's adoption of Oregon Short Line in Vieux.

Even if this Court were not bound by Vieux, the Hash, Beres, and Home on the Range courts all made clear that whether the United States conveyed by subsequent patent its retained interest in an 1875 Act right of way turns on an analysis of the individual patent.  The Beres court, for example, pointed out that the "analysis begins with the plain language of the 1875 Act and the words of the land patent given to Mr.

5

Cowie." Beres, 64 Fed. Cl. at 413. "Therefore, the language of the land patent issued to Mr. Cowie must be reviewed to determine the limits or reservations present in the patent, if any." Id. at 417. The court then construed the Cowie patent to determine "if the federal government intended to retain the land as public land." Id. (quoting Oklahoma v. Texas, 258 U.S. 574, 594-95 (1922)). Similarly, in Hash, the court reviewed each patent at issue to determine whether they reflected an intention by the United States to retain or reserve "any title or other ownership interest or reversion right in the land underlying previously granted railroad right-of-ways." Hash, 403 F.3d at 1314. The Home on the Range court also reviewed the patents at issue to determine that they "do not exclude the rights of way from the tracts conveyed by the patents." Home on the Range, 386 F. Supp. 2d at 1001.

Thus, even if it were not clear in the Ninth Circuit that the United States retains the remaining interest in an 1875 Act right of way, Plaintiffs would have to prove that their predecessors perfected title before rights vested in the railroad under the Act or that the United States patented the land to the Plaintiffs' predecessors and that the patent does not reflect an intention to retain the remaining interest. Because Plaintiffs have not submitted such proof, summary judgment based on the language of their deeds, or other deeds with identical language, is inappropriate.

The strip and gore doctrine merely involves the construction of deeds. The Court cannot even get to that point until after each class member has demonstrated that his or her predecessor perfected title to the land before the railroad obtained its interest and that the landowner's chain of title does not include any conveyance by a predecessor to the railroad.

### D. The Strip and Gore Doctrine Merely Creates a Rebuttable Presumption

Not only does the strip and gore doctrine not apply here, but the doctrine, even when applicable, merely creates a presumption. The presumption can be overcome by language in the granting instrument or facts and circumstances that indicate the grantor did not intend to convey an interest in the right of way along with the adjoining parcel. See Carney, 985 P.2d at 1141. The presumption applies only when the language of the deed is unambiguous, and the presumption cannot trump the true intent of the parties. Porter v. Bassett, 195 P.3d 1212, 1218 (Idaho 2008). Summary judgment on the applicability of the presumption is inappropriate where facts regarding the parties' intent are not fully developed and appear to be disputed. Id. at 1217.

Here, summary judgment on the language in the Named Plaintiffs' deeds, and on any other deeds with identical language, would be improper. The only discovery conducted in this case has related to class certification. The facts surrounding the intent of the parties are not fully developed. Although Plaintiffs cite cases holding that the language "lying West of" gives rise to the presumption, other courts have found the same language excludes an interest in the right of way. See, e.g., Smith v. Malone, 742 N.E.2d 785, 789-90 (Ill. Ct. App. 2000) (stating that a deed conveying land "lying West of" a railroad right of way did not convey an interest in the land underlying the right of way). Idaho courts have recognized that the modern trend is to "treat all uncertainties in a conveyance as ambiguities subject to [being] cleared up by resort to the intention of the parties." Phillips Indus., Inc. v. Firkins, 827 P.2d 706, 710 (Idaho Ct. App. 1992) (quotation omitted). Here, there has been no discovery on the facts and circumstances of the transfers of property to the Named Plaintiffs or any other class members. It would

be premature to grant summary judgment based on the language in the Named Plaintiffs' deeds, without discovery concerning these facts and circumstances. If this case proceeds as a class action, Level 3 should be allowed to conduct discovery regarding the facts and circumstances of not only the Named Plaintiffs' deeds, but also those of all other adjoining landowners' deeds. Even if the centerline presumption applied in Idaho, which it does not, Plaintiffs' motion for summary judgment is premature and should be denied.

### E. The Strip and Gore Doctrine Does Not Resolve the Numerous Issues of Whether the Language of Other Landowners' Deeds Excludes an Interest in the Railroad Right of Ways Where Level 3's Cable is Installed

Not only does the strip and gore doctrine not apply to railroad right of ways in Idaho, but the presumption would not resolve the numerous issues of whether other adjoining landowners' deeds exclude or include an interest in the railroad right of ways where Level 3's cable is installed. Many adjoining landowners' deeds contain language that specifically excludes any interest in the railroad right of ways at issue. See Affidavit of Daniel J. Guinan, Doc. 165-1, 5/03/10, (hereinafter, "Guinan Affidavit"), ¶5.

Level 3 engaged three separate Idaho title companies to each randomly select deeds for up to 20 parcels adjoining the Union Pacific Railroad right of ways where Level 3 installed its cable. The title companies provided copies of the most recent deeds for each randomly selected parcel.[1] The language in adjoining landowners' deeds varies greatly. See Exhibits A, B & C to Guinan Affidavit & Guinan Affidavit, Doc. 165-1, ¶5. Many adjoining landowners' deeds contain metes and bounds

---

[1] The five Idaho counties searched were Ada, Canyon, Gooding, Elmore and Lincoln. Minidoka county was not included because Level 3 has less than two miles of cable in that county.

8

descriptions to describe the property conveyed. These property descriptions specifically exclude the railroad right of way. Numerous courts have held that deeds which contain metes and bounds descriptions or other language which describes the property conveyed as up to the edge of the right of way do not convey an interest in the right of way. Consequently, all adjoining landowners' deeds will have to examined, as well as all of the deeds in each landowner's chain of title, to determine whether a particular landowner owns an interest in the railroad right of ways where Level 3's cable is installed.

For example, in the deed to Nampa Shopping Partnership dated September 23, 2005, the grantor conveyed a surveyed parcel which is described, in part, as follows:

> ". . . a distance of 113.62 feet to a point on the Southwesterly right-of-way line of the Oregon Shortline Railroad [n/k/a the Union Pacific Railroad]; thence S46°15'25", a distance of 141.11 feet along said Southwesterly right-of-way line of the Oregon Shortline Railroad to a point; thence leaving said Southwesterly right-of-way line of the Oregon Shortline Railroad, S38°07'12" . . ."

(See Exhibit B to Guinan Affidavit, Doc. 165-10). The boundary lines of this parcel are described as up to and along the right of way, but specifically do not include the right of way. "Where a grantor conveys a parcel of ground bounded by a street, his grantee takes title to the center of such street, to the extent that the grantor has any interest therein, **unless, by the terms of the grant, the boundary of the granted premises is restricted to the line of such street**." Olin v. Denver & Rio Grande R.R. Co., 53 P. 454, 455 (Colo. 1898) (emphasis added); see also, e.g., McRae v. SSI Development, LLC, 656 S.E.2d 138, 139 (Ga. 2008) (holding that a deed setting the southern boundary of property as the northern edge of a road did not convey any interest in the road itself); Monogram Development Co. v. Natben Constr. Co., 171 N.E. 390, 390

(N.Y. Ct. App. 1930) (noting that a deed that described the property "by metes and bounds as beginning at the corner of two streets and running along their sides" excluded any interest in the streets). This is the same property description in the deed to Nampa, where the boundary lines of the parcel are restricted to the line of the railroad right of way and so Nampa, the adjoining landowner, does not own an interest in the railroad right of way. See Exhibit B to Guinan Aff.

In addition to metes and bounds descriptions, a variety of other phrases in deeds to adjoining landowners are sufficient to exclude any interest in an adjoining right of way. See, e.g., Standard Oil Co. v. Milner, 152 So.2d 431, 436 (Ala. 1963) (holding that a deed that described land as running "to the southern right-of-way line of the right-of-way," and "thence in a northeasterly direction along said southern right-of-way line" did not convey any land within the right of way); Casella v. Sneirson, 89 N.E.2d 8, 10 (Mass. 1949) (finding that a deed describing a property line as beginning at a point in the easterly line of a street, and "running northerly on the easterly line" of that street did not convey any interest in the street itself); Detroit Lumber Co. v. Arbitter, 233 N.W. 179, 183 (Mich. 1930) (concluding that where the legal description in a deed set the property line as bounded "on west by railroad's right of way," the boundary was at the eastern edge of the right of way and not at the centerline of the right of way); Alabama Great Southern R.R. Co. v. Owens, 118 So. 332, 333 (Ala. 1928) (holding that under a deed that described land as "bounded . . . on the east by A.G.S. Railroad," the grantee did not take to the centerline of the railroad right of way); U.S. Fidelity & Guar. Co. v. Denver, 133 A. 723, 724 (Md. Ct. App. 1926) (holding that a deed that described property as "lying on the south side of the street" did not convey title to the center of the

10

abutting road); Joens v. Baumbach, 226 P. 400 (Cal. 1924) (concluding that a description of property as that which "fronts . . . on a reserved roadway . . . upon its west side" and "fronts on the county road . . . on its south line" expresses the grantor's intent to exclude the land underlying the roadway from the conveyance); Seery v. City of Waterbury, 74 A. 908, 909 (Conn. 1909) (holding that a "deed of the lot bounded 'westerly on Seery place' gave no title to the fee of the soil under that passway"); Severy v. Central Pac. R.R. Co., 51 Cal. 194, 196-97, 1875 WL 1790 (Cal. 1875) (holding that a deed conveying property described as "southerly along the easterly line of Sacramento street" passed no title in the land underlying the street—rather, "[t]he language of the deed makes the east line of the street the west line of the lots, and therefore necessarily excludes the entire street from the lands conveyed").

The strip and gore doctrine would not resolve the numerous issues of whether other landowners' deeds exclude any interest in the railroad right of ways at issue. Each landowner's deed will have to be examined, along with the other deeds in the landowner's chain of title, to determine whether any of those deeds contain language expressly excluding an interest in the railroad right of way. Plaintiffs also concede that the presumption can be rebutted by the facts and circumstances surrounding the conveyance. The strip and gore doctrine, even if applicable, would not resolve the numerous issues that must be determined to resolve the question of whom, if not the United States, owns an interest in the railroad right of ways at issue.

### III. CONCLUSION

In ruling on Plaintiffs' motion for summary judgment on the applicability of the centerline presumption, this Court is bound to apply existing Idaho law. Under existing

Idaho law, the strip and gore doctrine does not apply to railroad right of ways. Not only is the strip and gore doctrine not applicable here, but it would not resolve the numerous issues surrounding whether any particular landowner owns an interest in the 1875 Act railroad right of ways at issue. For these reasons, Plaintiffs' motion for summary judgment on the centerline presumption should be denied.

DATED this 1st day of November, 2010.

Respectfully submitted,

LEVEL 3 COMMUNICATIONS, INC.,
LEVEL 3 COMMUNICATIONS, LLC and
LEVEL 3 TELECOM HOLDINGS, INC.,
Defendants,


By:   /s/ Tyler J. Anderson
Stephen R. Thomas, ISB No. 2326
Tyler Anderson, ISB No. 6632
of:  MOFFATT, THOMAS, BARRETT,
ROCK & FIELDS, Chtd.
US Bank Plaza Building
101 South Capital Blvd., 10th Floor
Boise, ID  83701-0829
(208) 345-2000

- and-

Joseph E. Jones
of:  FRASER STRYKER PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE  68102-2663
(402) 341-6000     560856-v8

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John B. Massopust
Daniel J. Millea
Zelle, Hofmann, Voelbel,
Mason & Gette LLP
500 Washington Avenue South
Suite 4000
Minneapolis, MN  55415
Telephone:  (612) 339-2020
Facsimile:  (612) 336-9100
dmillea@zelle.com

Brad P. Miller, ISB No. 3630
Hawley, Troxell, Ennis & Hawley LLP
877 Main Street, Suite 1000
P. O. Box 1617
Boise, ID  87301-1617
Telephone:  (208) 344-6000
Facsimile:  (208) 342-3829
bpm@hteh.com

William T. Gotfryd
Susman & Watkins
Two First National Plaza, Suite 600
Chicago, IL  60603
Facsimile: (312) 346-2829
wtglawproj@aol.com

          /s/ Tyler J. Anderson
        Tyler J. Anderson