Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
        FIELDS, CHARTERED
101 S. Capitol Boulevard, 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone:  (208) 345-2000
Facsimile:  (208) 385-5384
srt@moffatt.com
tya@moffatt.com
18-880

Joseph E. Jones
FRASER STRYKER PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska  68102-2663
Fax:  (402) 341-8290

Attorneys for Defendants Level 3 Communications,
Inc., Level 3 Communications, LLC and Level 3
Telecom Holdings, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS KOYLE, CHARLES K.TURNER, and THE HARRIS RANCH, on behalf of themselves and all others similarly situated, | ) ) ) ) | Civil No. 01-286-S-BLW |
| Plaintiffs, | ) ) | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR** |
| vs. | ) ) | **SUMMARY JUDGMENT ON THE PROPER MEASURE OF** |
| LEVEL 3 COMMUNICATIONS, INC., a Delaware Corporation, LEVEL 3 COMMUNICATIONS, LLC, a Delaware Limited Liability Corporation, and LEVEL 3 TELECOM HOLDINGS, INC., a Delaware Corporation, | ) ) ) ) ) ) ) | **DAMAGES** |
| Defendants. | ) ) ) | |

## Table of Contents

**Page**

I.      INTRODUCTION ........................................................................... 1

II.     ARGUMENT ................................................................................. 1

    A.   Standard of Review.................................................................. 1

    B.   Plaintiffs Are Not Entitled to Any Damages Here Because Plaintiffs Have No Right to Exclusive Possession of the Railroad Right of Ways Where Level 3's Cable is Installed.................. 3

    C.   The Corridor Valuation Theory is Not a Proper Measure of Damages for Trespass Under Idaho Law................................................ 6

    D.   Plaintiffs Are Not Entitled to Damages for Unjust Enrichment Because Plaintiffs Have an Adequate Remedy at Law and Level 3 Did Not Unjustly Receive a Benefit at Plaintiffs' Expense .......................................................................... 13

III.    CONCLUSION............................................................................. 17

## Table of Authorities

**Page**

**Cases**

Basic American, Inc. v. Shatila, 992 P.2d 175, 195 (Idaho 1999) .................................. 16

Beco Constr. Co. Inc. v. Bannock Paving Co., Inc., 797 P.2d 863, 866 (Idaho 1990)......................................................................................................... 14

Boggs v. Seawell, 205 P. 262, 263 (Idaho 1922) ........................................................... 7

Bumgarner v. Bumgarner, 862 P.2d 321, 331 (Idaho Ct. App. 1993)............................. 6

Coulsen v. Aberdeen-Springfield Canal Co., 277 P. 542, 544 (Idaho 1929) ............. 3, 15

Fisher v. Virginia Electric & Power Co., 217 F.R.D. 201 (E.D. Va. 2003) ............... 11, 12

Gray v. Tri-Way Constr. Servs., Inc., 210 P.3d 63, 73-74 (Idaho 2009) ....................... 14

Hanlon v. Chrysler Corp., 150 F.3d 1011, 1024 (9th Cir. 1998) .................................. 2, 3

Hanson v. Seawell, 204 P. 660 (Idaho 1922) ............................................................. 7, 8

Highlands, Inc. v. Hosac, 936 P.2d 1309 (Idaho 1997) .................................................. 7

Hinshaw v. AT&T Corp., No. 99-9313, 1998 WL 1799019 (Ind. Super. Aug. 24, 1998)...................................................................................................................... 12

Holladay v. Lindsay, 152 P.3d 638, 641-43 (Idaho Ct. App. 2006)............................... 16

Iron Eagle Development, L.L.C. v. Quality Design Sys., Inc., 65 P.3d 509, 514 (Idaho 2003) ........................................................................................................ 13

Kingborough v. Sprint Communications, Co., 673 F.Supp.2d 24 (D. Mass. 2009)........ 12

Klingenbiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 (9th Cir. 1974).................. 2, 7

Lee v. Boise Development Co., 122 P. 851, 853 (Idaho 1912) ....................................... 8

Loomis & McGrew v. Richwell Resources, Ltd., 944 F.2d 908, 1991 WL 180075 (9th Cir. Sept. 16, 1991)....................................................................................... 8

Luce v. Marble, 127 P.3d 167, 177 (Idaho 2005) ........................................................... 3

Lutyen v. Ritchie, 218 P. 430 (Idaho 1923) .................................................................. 15

Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1995) ..... 2, 6

Mannos v. Moss, 155 P.3d 1166, 1173 (Idaho 2007) ...................................................... 13

Moon v. N. Idaho Farmers' Ass'n, 96 P.3d 637, 642 (Idaho 2004) ................................... 3

Mountain States Tel. & Tel. Co. v. Kelly, 459 P.2d 349, 349 (Idaho 1969).... 4, 14, 15, 16

Nampa & Meridian Irrigation Dist. v. Mussell, 72 P.3d 868, 873 (Idaho 2003) ............... 6

Northwest Pipeline Corp. v. 95.02 Acres of Land, More or Less, in Power County,
    Idaho, No. 01-628, 2003 WL 25768634, *2 (D. Idaho Dec. 19, 2003)........................ 9

Powell v. Sellers, 937 P.2d 434, 440 (Idaho Ct. App. 1997)............................................ 6

Ransom v. Topaz Marketing, L.P., 152 P.3d 2, 5-6 (Idaho 2006) ..........................passim

Raven Red Ash Coal Co. v. Ball, 39 S.E.2d 231 (Va. 1946) ......................................... 15

Reece v. Pocatello/Chubbuck Sch. Dist. No. 25, 713 F.Supp.2d 1222, 2010 WL
    1817787, *3 (D. Idaho May 5, 2010) ......................................................................... 1

Ross v. Ross, 178 P.3d 639, 644 (Idaho Ct. App. 2007)............................................... 14

Scott v. Gubler, 511 P.2d 258 (Idaho 1973) .................................................................... 7

Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001) ......................... 2

Smith v. Sprint Communications, 387 F.3d 612 (7th Cir. 2004) .................................... 12

State ex rel. Symms v. City of Mountain Home, 493 P.2d 387 (Idaho 1972)................... 9

Thomas v. Campbell, 690 P.2d 333, 339-40 (Idaho 1984)............................................ 13

Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 939 (9th Cir. 2001) ........................ 2, 7

Uhl v. Thoroughbred Tech. & Telecommunications, Inc., No. 1P00-1232, 2001
    WL 987840 (S.D. Ind. Aug. 28, 2001) ..................................................................... 12

## Statutes

28 U.S.C. § 1331 ............................................................................................................ 2

28 U.S.C. § 1332............................................................................................................. 2

Idaho Code § 62-701 .............................................................................................. 4, 5, 14, 16

Idaho Const., Art. XI, § 5 ........................................................................................ 4, 5, 14, 16

**<u>Other Authorities</u>**

Fed. R. Civ. P. 56(c)(2) ................................................................................... 1

Rule 111 of the Idaho Public Utility Comm'n Rules of Procedure, IDAPA
    31.01.01.111 ............................................................................................... 5

# I.   INTRODUCTION

Plaintiffs seek summary judgment on what they describe as the "corridor theory" of damages, even though Plaintiffs are not entitled to damages and Idaho does not recognize Plaintiffs' theory of damages.  Plaintiffs' motion should be denied for several reasons.   First, because Level 3's cable does not interfere with Plaintiffs' right to exclusive possession of their properties, they are not entitled to damages for trespass under Idaho law.   Second, Plaintiffs' theory of damages is not a proper measure of trespass damages under Idaho law.  Third, Plaintiffs are not entitled to "corridor" value damages on their unjust enrichment claims because they have an adequate remedy at law and Plaintiffs' theory of damages is not an appropriate measure of damages for unjust enrichment under Idaho law.

# II.   ARGUMENT

## A.  Standard of Review

A motion for summary judgment should be granted only "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  In ruling on summary judgment motions, "[t]he evidence, including all reasonable inferences which may be drawn therefrom, must be viewed in a light most favorable to the non-moving party."   Reece v. Pocatello/Chubbuck Sch. Dist. No. 25, 713 F.Supp.2d 1222, 2010 WL 1817787, *3 (D. Idaho May 5, 2010).

On issues governed by state law, "a federal district court **must apply the state law that would be applied by the state court of the state in which it sits**.  This is

true whether the basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001) (emphasis added). This Court has held that it has diversity jurisdiction over this matter. See Memorandum Decision & Order, Doc. 68, 3/10/03, p. 1. In the Ninth Circuit, the duty of a federal court sitting in diversity, "is to ascertain and apply the existing [state] law, not to predict that [a state] may change its law." Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1995) (quoting Klingenbiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 (9th Cir. 1974)). Accordingly, "federal courts are bound by the pronouncements of the state's highest court on applicable state law." Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 939 (9th Cir. 2001).

Not only does Ninth Circuit law direct this Court to apply Idaho law, but due process considerations also require this Court to apply Idaho law. This Court approved notice to class members which provided class members a 60-day period within which to opt out of the class. See Memorandum Decision & Order, Doc. 169, 8/06/10, p. 6. Class members who do not opt out by that deadline will be bound by the Court's ruling on Plaintiffs' motion for summary judgment. In deciding whether to opt out, class members will make their decisions based on whether, under Idaho law, the class action will adequately protect their rights. Because Plaintiffs' theory of damages is not supported by Idaho law, if the Court decides to adopt Plaintiffs' measure of damages, those individuals who remained in the lawsuit based on the belief their rights would be adequately protected under Idaho law will be deprived of their right to due process. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1024 (9th Cir. 1998) (holding that due process

requires that absent class members be given the right "to intelligently and individually choose whether to continue in a suit as class members").  This Court recognized that certain due process requirements must be met before absent class members can be bound by a judgment.  Memorandum Decision & Order, Doc. 122, 12/01/05, p. 8 (quotation omitted).  The Court attempted to resolve these due process issues by allowing class members to "opt out for the damage claims." Id.  However, because the Court will decide the measure of damages issue after the opt out deadline, these due process concerns are not resolved.

**B. Plaintiffs Are Not Entitled to Any Damages Here Because Plaintiffs Have No Right to Exclusive Possession of the Railroad Right of Ways Where Level 3's Cable is Installed**

In Idaho, trespass is defined as "'the wrongful interference with the right to exclusive possession of real property.'"  Luce v. Marble, 127 P.3d 167, 177 (Idaho 2005) (quoting Moon v. N. Idaho Farmers' Ass'n, 96 P.3d 637, 642 (Idaho 2004)).

Here, Plaintiffs do not have the right to exclusive possession of the railroad right of ways at issue.  In Idaho, the railroad, and not the owner of the servient estate, has exclusive possession of its right of ways. Coulsen v. Aberdeen-Springfield Canal Co., 277 P. 542, 544 (Idaho 1929) (holding that the nature of railroad operations, which entails the performance of a public service and an accompanying duty to the public, requires that a railroad's "possession [of its right of way] be exclusive—a possession not shared with another; that it have complete dominion over its right of way and that it enjoy all those rights which usually attend the fee").  Because the railroad has the exclusive possessory rights in its right of ways, Plaintiffs do not have the right to exclusive possession that is required to recover damages for trespass under Idaho law.

The Idaho legislature and Idaho Supreme Court have recognized the very limited rights that adjoining landowners have in public road right of ways.  The Idaho legislature specifically authorized the installation of telecommunications facilities in railroad right of ways.  Idaho Code § 62-701; Idaho Const., Art. XI, § 5.  The Idaho Supreme Court has held that the installation of telecommunications facilities in an existing public right of way does not impose an additional burden on the property subject to the right of way.  Mountain States Tel. & Tel. Co. v. Kelly, 459 P.2d 349, 349 (Idaho 1969).  Accordingly, the owner of the property underlying the right of way is not entitled to compensation for the telecommunications company's use of the right of way.  Id.

To avoid the consequences of Idaho law, Plaintiffs contend, without citing to Idaho case law, that they have the exclusive right to use the railroad right of ways for non-railroad purposes.  They do not explain how Level 3's cable interferes with that use.  Even assuming Plaintiffs have some interest in the railroad right of ways adjoining their properties, Plaintiffs do not have the exclusive right to use the right of ways for non-railroad purposes.  To the contrary, "[t]he difference between rights of way for railroad purposes and those for other purposes is … illustrated [by the fact that] [r]ailroads, having the right to the exclusive possession and all the incidents of absolute ownership, may maintain an action at law in ejectment" against those who attempt to use the railroad right of way.  Coulsen, 277 P. at 544.  Level 3's cable does not interfere with adjoining landowners' very limited interest, if any, in the railroad right of way at issue. See Mountain States, 459 P.2d at 349.

Plaintiffs attempt to divert the Court's attention away from Idaho law by mischaracterizing Level 3's installation of cable within railroad right of ways as "patently

4

unlawful."  Plaintiffs' Damages Brief, Doc. 179-1, at 8.  Of course, when making that statement, Plaintiffs ignore the facts and the law.  First, telecommunications companies are specifically authorized by Idaho statute to install telecommunications facilities in railroad right of ways.  Idaho Code § 62-701; Idaho Const., Art. XI, § 5.  Second, after notice and hearing, Idaho authorities specifically concluded that Level 3's telecommunications facilities benefit the citizens of Idaho.  Before installing its cable in Idaho, Level 3 applied for, and received, permission from the Idaho Public Utilities Commission to do so.  See In the Matter of Application of Level 3 Communications, LLC for a Certificate of Public Convenience & Necessity to Provide Telecommunications Services in Idaho, Order No. 27855 (Dec. 30, 1998), Exhibit 7 to Doc. 29, 5/01/02, First Affidavit of Stephen R. Thomas (hereinafter, "Exhibit 7 to First Thomas Aff."); In the Matter of Application of Level 3 Communications, LLC for a Certificate of Public Convenience & Necessity to Provide Telecommunications Services in Idaho, Certificate No. 353 (Jan. 8, 1999), Exhibit 8 to First Thomas Aff., Doc. 29.  To support that application, Level 3 was required to provide "[a] statement or prepared testimony and exhibits explaining why the proposed utility service is or will be in the public convenience and necessity."  Rule 111 of the Idaho Public Utility Comm'n Rules of Procedure, IDAPA 31.01.01.111. Thus, in granting the application, the Idaho Public Utilities Commission found that Level 3's telecommunications services were both a convenience for, and necessary to, the citizens of Idaho.  See Exhibit 7 to First Thomas Aff., Doc. 29, p. 1.  Plaintiffs' unsupported mischaracterizations of Level 3's conduct are contradicted here by the facts and Idaho law.

Because Plaintiffs do not have the right to exclusive possession of railroad right

of ways, they cannot satisfy a necessary element to recover damages for trespass under Idaho law.  In addition, Level 3's cable does not place an additional burden on the property subject to the railroad right of ways.  Plaintiffs' motion for summary judgment on the "corridor value" theory of damages should be denied.

### C. The Corridor Valuation Theory is Not a Proper Measure of Damages for Trespass Under Idaho Law

Not only are Plaintiffs not entitled to damages for trespass, the theory of damages advocated by Plaintiffs is not recognized in Idaho.  Idaho law regarding trespass damages is well-established.  Trespass damages must be calculated based on the market value of the specific property at issue and, in some cases, the cost of restoring that land to its pre-trespass condition.  The measure of trespass damages where land is permanently damaged, but not totally destroyed, is the difference between the fair market value of the land before and after the damage occurred.  Ransom v. Topaz Marketing, L.P., 152 P.3d 2, 5-6 (Idaho 2006); see also, e.g., Nampa & Meridian Irrigation Dist. v. Mussell, 72 P.3d 868, 873 (Idaho 2003).  Where land is only temporarily damaged, the owner may recover the cost of restoring the land to its original condition unless restoration costs exceed the original value or diminution in value of the premises, in which case the owner can generally only recover that amount.  Ransom, 152 P.3d at 5-6; see also, e.g., Powell v. Sellers, 937 P.2d 434, 440 (Idaho Ct. App. 1997); Bumgarner v. Bumgarner, 862 P.2d 321, 331 (Idaho Ct. App. 1993).

The Court is bound to follow this well-established Idaho law in determining the proper measure of damages in this trespass action.  See Mangold, 67 F.3d at 1479 (noting that the duty of a federal court sitting in diversity, "'is to ascertain and apply the existing [state] law, not to predict that [a state] may change its law'") (quoting

Klingenbiel, 494 F.2d at 346); Ticknor, 265 F.3d at 939 (stating that "federal courts are bound by the pronouncements of the state's highest court on applicable state law"). Under Idaho law, the Court will first have to determine whether each particular landowner's parcel sustained any damages. See Ransom, 152 P.3d at 6. If any damage occurred, the Court will have to determine the fair market value of the particular parcel at issue, before and after the cable was installed, in order to properly measure that landowner's damages. Id.

Plaintiffs contend the proper measure of damages for trespass here is tied to the rental value of the property. See Plaintiffs' Damages Brief, Doc. 179-1, p. 4. Plaintiffs ignore well-established Idaho case law regarding trespass damages and rely on a case involving an action between adjoining landowners for encroachment, cases involving damage to crops caused by trespassing livestock, and cases that did not apply Idaho law.

First, Plaintiffs rely on an encroachment case, but encroachment is a type of trespass action between adjoining landowners, for encroaching trees, driveways, etc., and the remedies available in encroachment actions are not applicable here. See Plaintiffs' Damages Brief, Doc. 179-1, p. 4 (citing Highlands, Inc. v. Hosac, 936 P.2d 1309 (Idaho 1997)).

Plaintiffs also rely on several cases which merely indicate that the rental value of property, as pasture land, is a proper method of proving the value of grass destroyed by trespassing livestock. See Plaintiffs' Damages Brief, Doc. 179-1, p. 4 (citing Boggs v. Seawell, 205 P. 262, 263 (Idaho 1922); Hanson v. Seawell, 204 P. 660 (Idaho 1922); see also Scott v. Gubler, 511 P.2d 258 (Idaho 1973) (noting that the trial court awarded

the plaintiff various damages, including the rental value of land used by the defendants to pasture their livestock)).   Here, we are not dealing with crops destroyed by trespassing livestock.   As indicated by the courts in the cases cited by Plaintiffs, the rental value of property is dependent on the specific characteristics of the property at issue.

Plaintiffs also rely on an unpublished Ninth Circuit case.   Plaintiffs' Damages Brief, Doc. 179-1, p. 4 (citing Loomis & McGrew v. Richwell Resources, Ltd., 944 F.2d 908, 1991 WL 180075 (9th Cir. Sept. 16, 1991).   In stating the measure of damages for trespass, that case cited to a now-reversed Ninth Circuit decision decided under federal law and California law, and on the Hanson case.   1991 WL 180075, at *1.   However, neither federal law nor California law is controlling here, and the Hanson "rental value" rule is applicable to cases involving crops or grass destroyed by trespassing livestock.

Finally, Plaintiffs rely on a case in which a tenant held over on a lease.   See Plaintiffs' Damages Brief, Doc. 179-1, p. 4-5 (citing Lee v. Boise Development Co., 122 P. 851, 853 (Idaho 1912)).   There, the court awarded the rental value of the property during the holdover period as the measure of damages on the landlord's trespass claim. Because the rights and duties of the parties in a landlord-tenant case are not present here, Lee is not helpful.   The Idaho Supreme Court has clearly stated the proper measure of trespass damages, where land is permanently damaged but not totally destroyed.   It is the difference between the fair market value of the land before and after the damage occurred.   Ransom, 152 P.3d at 5-6.   Where land is temporarily damaged, the owner may recover the cost of restoring the land to its original condition unless restoration costs exceed the original value or diminution in value of the premises, in

which case he can generally only recover that amount.  Id.

Plaintiffs also mischaracterize the facts here and Idaho law in arguing that their theory of damages is appropriate where the land at issue is already an established corridor.  Not only do Plaintiffs not own an established corridor, but the Idaho Supreme Court has specifically rejected Plaintiffs' notion that damages for use of a small strip of a larger parcel of land may be calculated without reference to the value of the larger tract of land.  See Plaintiffs' Damages Brief, Doc. 179-1, p. 8-9.  Plaintiffs rely on a condemnation action brought by the state of Idaho to obtain certain land owned by a city for purposes of constructing an interstate highway.  See id. at p. 8 (citing State ex rel. Symms v. City of Mountain Home, 493 P.2d 387 (Idaho 1972)).  However, the Symms Court specifically held that where a small part of a larger tract of an owner's land is taken, it is error to consider that small strip of land separate and apart from the larger tract in determining just compensation for the taking.  493 P.2d at 390.  Rather, the Court held that the "amount awarded for the land taken must reflect any enhanced value arising from its availability for use in conjunction with the land not taken."  Id.  A court may not assess damages for taking a small strip of a larger parcel of land without considering the value of the larger tract, and the effect that taking has on the value of the parcel **as a whole**.  See id.  The Symms holding requires this Court to reject Plaintiffs' "corridor value" theory of damages.

Plaintiffs also rely on language from this Court's decision in Northwest Pipeline Corp. v. 95.02 Acres of Land, More or Less, in Power County, Idaho, No. 01-628, 2003 WL 25768634, *2 (D. Idaho Dec. 19, 2003) (stating that "if the land is especially adapted for the proposed purpose and consequently creates a special demand by ordinary

purchasers in the ordinary market, then the owner is entitled to claim additional value based upon the proposed purpose") (quotation omitted).   Plaintiffs' Damages Brief, Doc. 179-1, p. 9.   At issue there was the amount the company had to pay the landowners for easements across their property.  See id. at *1.  Because Northwest Pipeline involved the taking of lands on an Indian reservation, this Court relied on federal law.  See generally id. at *1-3.  This Court also stated that the proper measure of compensation in a takings case involving an easement is "**the difference between the value of the parent tract before the taking and its value after the taking**."  Id. at *2, n.2 (emphasis added).   This Court recognized, as did the Idaho Supreme Court in Symms, that the damages to which a landowner may be entitled by virtue of another party's use of a small strip of a larger parcel of the landowner's land must be determined by assessing the affect which the third party's use of that strip has on the value of the property as a whole.

Next, Plaintiffs argue that the Court should ignore Idaho law and adopt Plaintiffs' theory of damages because of the terms of the License Agreement negotiated between Level 3 and Union Pacific Railroad ("UP").  See Plaintiffs' Damages Brief, Doc. 179-1, at 2, 5-7.  Plaintiffs contend that "Level 3 squatted on pre-established corridors owned by individual Class Members" and, as evidenced by Level 3's agreement with UP, those corridors have well-established corridor values.  Id. at 2.  Plaintiffs cite no legal authority for the proposition that trespass damages in Idaho may be calculated based on the terms of a contract between the defendant and a third party.  Level 3's agreement to pay the railroad in a particular manner is just that—an agreement.  That agreement was based on UP's exclusive right to possess the railroad right of ways at issue.  Plaintiffs

do not have the right to exclusive possession of the railroad right of ways.  A party can contract to pay another for the use of his or her land in any manner that is lawful and agreeable to both parties.  By contrast, any damages to which a party may ultimately become entitled for trespass to land must be determined by reference to the relevant law of damages.  Level 3's agreement with UP does not change Idaho law on trespass damages and is irrelevant to the proper measure of damages here.

The premise of Plaintiffs' argument is also flawed because individual class members do not own a "pre-established corridor."  Assuming adjoining landowners can prove they own any interest in the railroad right of ways at issue, that interest is only a small segment in a larger right of way corridor established by the railroad and the federal government.  Even if individual adjoining landowners may own a limited interest in a small segment of the railroad corridor (which the railroad has the right to exclusively possess), that is not a reason to apply Plaintiffs' "corridor value" theory of damages here.

Ironically, Plaintiffs criticize Level 3 for relying in past briefs "on inapt, out-of-state court decisions" to argue that this Court should not apply Plaintiffs' theory of damages, when Plaintiffs rely extensively on out-of-state cases to support their theory of damages.  See Plaintiffs' Damages Brief, p. 8.  Plaintiffs' reliance on these out-of-state cases is misplaced.  For example, Plaintiffs rely substantially on Fisher v. Virginia Electric & Power Co., 217 F.R.D. 201 (E.D. Va. 2003).  See Plaintiffs' Damages Brief, Doc. 179-1, p. 6-7.  Fisher is not helpful here because the Fisher case was governed by the law of North Carolina and Virginia.  See 217 F.R.D. at 205.  Here, the Court is required to apply Idaho law.  The Fisher court also specifically recognized that the corridor value

11

theory of damages could be problematic because a measure of damages that assigns a single dollar-value to all right of way property and pays damages based on the miles of right of way crossing a particular landowner's property would benefit class members with larger, less valuable tracts of rural land over class members with smaller, more expensive tracts of urban land. Id. at 225.

Plaintiffs also rely on several fiber-optic settlement cases. See Smith v. Sprint Communications, 387 F.3d 612 (7th Cir. 2004); Kingborough v. Sprint Communications, Co., 673 F.Supp.2d 24 (D. Mass. 2009); Uhl v. Thoroughbred Tech. & Telecommunications, Inc., No. 1P00-1232, 2001 WL 987840 (S.D. Ind. Aug. 28, 2001); Hinshaw v. AT&T Corp., No. 99-9313, 1998 WL 1799019 (Ind. Super. Aug. 24, 1998). Plaintiffs' Damages Brief, Doc. 179-1, p. 6; Affidavit of Dan Millea in Suppport of Plaintiffs' Motion for Summary Judgment on the Proper Measure of Damages ("Millea Aff."), Doc. 179-3, ¶ 3. In those cases, the courts were not asked to determine the proper measure of damages for trespass under Idaho law. Neither were those courts asked to determine the proper measure of damages for trespass under the state laws at issue. Those courts were asked to approve settlement agreements. Parties are free to contract or agree to resolve disputes in ways limited only by the bounds of their creativity. However, here, the Court is required to apply the measure of damages established by Idaho law. See Ransom, 152 P.3d at 5-6.

Plaintiffs' motion for summary judgment on the proper measure of damages should be denied because Idaho does not recognize Plaintiffs' theory of damages as an appropriate measure of trespass damages.

### D. Plaintiffs Are Not Entitled to Damages for Unjust Enrichment Because Plaintiffs Have an Adequate Remedy at Law and Level 3 Did

### Not Unjustly Receive a Benefit at Plaintiffs' Expense

"Unjust enrichment is an equitable claim and '[e]quitable claims will not be considered when an adequate legal remedy is available.'" Mannos v. Moss, 155 P.3d 1166, 1173 (Idaho 2007) (quoting Iron Eagle Development, L.L.C. v. Quality Design Sys., Inc., 65 P.3d 509, 514 (Idaho 2003)).  A legal remedy is adequate where it is "as practical and efficient to the ends of justice and its administration as the remedy in equity." Thomas v. Campbell, 690 P.2d 333, 339-40 (Idaho 1984) (quotation omitted). Even if Plaintiffs are unsuccessful on their trespass claims, they are not entitled to damages for unjust enrichment.  The adequacy of a legal remedy does not turn on whether that legal remedy is ultimately successful—rather, the issue is simply whether a plaintiff has an available, practical and efficient legal means for seeking redress for his alleged injuries. See, e.g., Iron Eagle, 65 P.3d at 513-14 (concluding that a plaintiff's claim for breach of express contract failed, and the plaintiff's equitable claim also failed because the plaintiff's express contract with the defendant afforded the plaintiff an adequate legal remedy).

Here, Plaintiffs seek damages under theories of both trespass and unjust enrichment.  Because Plaintiffs have brought a legal claim for trespass, Plaintiffs have an adequate remedy at law and are not entitled to damages for unjust enrichment. Plaintiffs are also not entitled to damages for unjust enrichment because Level 3 has not obtained any benefits which it would be unjust for Level 3 to retain without compensating Plaintiffs.

In Idaho, recovery is only allowed on an unjust enrichment claim where the defendant has been enriched by the plaintiff **and** it would be unjust for the defendant to

retain that benefit without compensating the plaintiff for it.  Ross v. Ross, 178 P.3d 639, 644 (Idaho Ct. App. 2007).  In such cases, the measure of damages for an unjust enrichment claim "'is not the actual amount of the enrichment, **but the amount of enrichment which, as between two parties, it would be unjust for one party to retain**.'"  Gray v. Tri-Way Constr. Servs., Inc., 210 P.3d 63, 73-74 (Idaho 2009) (emphasis added) (quoting Beco Constr. Co. Inc. v. Bannock Paving Co., Inc., 797 P.2d 863, 866 (Idaho 1990)); accord Ross, 178 P.3d at 644.  The plaintiff bears the burden of proving both that the defendant received a benefit and the amount of that benefit, if any, which it would be unjust to allow the defendant to retain.  Gray, 210 P.3d at 74.

Idaho law authorizes Level 3 to install its cable in the railroad right of ways at issue.  See Idaho Code § 62-701; Idaho Const., Art. XI, § 5.  Idaho law also holds that Level 3's cable does not place an additional burden on the land subject to those right of ways.  Mountain States, 459 P.2d at 349.  Because Level 3's use of the railroad right of ways at issue is authorized by Idaho law, and does not place an additional burden on the right of way land, Level 3 did not retain any benefit from the use of that land that it would be unjust to allow Level 3 to retain without compensating Plaintiffs.

Additionally, although Plaintiffs ask this Court to apply a "corridor value" theory in awarding damages for Level 3's alleged unjust enrichment, Plaintiffs have offered no evidence as to the value of each landowner's parcel of the corridor.  To the extent Plaintiffs argue the value they are entitled to is equivalent to the amount Level 3 paid to the railroad for the use of the railroad right of ways, Plaintiffs are incorrect.  Level 3's agreement with the railroad was based on the railroad's right to exclusive possession of the right of ways at issue.  The price negotiated was not only based on the railroad's

right to exclusive possession but also on the railroad's interest in right of ways across the United States, including Idaho.  Even if class members can prove they own an interest in the railroad right of ways at issue, they do not have the right to exclusively possess the right of ways.  Coulsen, 277 P. at 544.  The landowner's interest in the railroad right of ways at issue, if any, is a very small segment.  Because Plaintiffs have offered no evidence as to the value of each landowner's limited interest in the right of way, if any, this Court cannot determine the value of Level 3's alleged unjust enrichment and Plaintiffs' motion for summary judgment should be denied.

The case law relied on by Plaintiffs does not support a "corridor" value measure of damages for unjust enrichment here.  Plaintiffs first rely on an Idaho case between a landlord and a tenant.  See Plaintiffs' Damages Brief, Doc. 179-1, p. 10 (citing Lutyen v. Ritchie, 218 P. 430 (Idaho 1923)).  In that case, the landlord allowed the tenant to live on and farm his property without an express rental agreement, and the landlord later sued to recover a share of the crops as rent.  See Lutyen, 218 P. at 430-31.  Because the tenant lived on the land and farmed it, his actions placed an additional burden on the land and it would have been unjust to allow him to retain the benefits from his use of that land without compensating the plaintiff.  Here, Level 3's use of the right of ways does not place an additional burden on the adjoining landowners' property.  See Mountain States, 459 P.2d. at 349.

Plaintiffs also look to a Virginia case to support their theory of damages.  See Plaintiffs' Damages Brief, Doc. 179-1, p. 12 (citing Raven Red Ash Coal Co. v. Ball, 39 S.E.2d 231 (Va. 1946)).  Plaintiffs' reliance on out-of-state cases is not helpful, because this Court is bound to determine unjust enrichment damages based on Idaho law.

Plaintiffs also rely on several cases involving misappropriated intellectual property to argue that Level 3 should be required to disgorge its profits from the use of the railroad right of ways and that such profits will not vary from parcel to parcel.  See Plaintiffs' Damages Brief, Doc. 179-1, p. 12-13 (citing Holladay v. Lindsay, 152 P.3d 638, 641-43 (Idaho Ct. App. 2006) (citing Basic American, Inc. v. Shatila, 992 P.2d 175, 195 (Idaho 1999)).  Unlike cases involving the misappropriation of trade secrets or the misuse of copyrighted information, Level 3's conduct is specifically authorized by Idaho law and does not place an additional burden on Plaintiffs' land.  See Idaho Code § 62-701; Idaho Const., Art. XI, § 5; Mountain States, 459 P.2d at 349.  Accordingly, Level 3 was not unjustly benefited by its use of the right of ways at issue.

Finally, Plaintiffs also rely on an illustration in the Restatement (Third) of Restitution and Unjust Enrichment, as support for a "corridor value" measure of damages.  See Plaintiffs' Damages Brief, Doc. 179-1, p. 11.  Plaintiffs also rely on the Restatement for the proposition that "a conscious wrongdoer" may be required to disgorge profits derived from a "wrongful transaction."  Id. at 13.  However, the Restatement is not based on Idaho law and here, Level 3's actions were authorized by Idaho statute and its cable does not place  an additional burden on the land.

//

//

//

//

//

//

16

## III.    CONCLUSION

For the foregoing reasons, Level 3 respectfully requests that Plaintiffs' Motion for

Summary Judgment on the Proper Measure of Damages be denied.

DATED this 1st day of November, 2010.

Respectfully submitted,

LEVEL 3 COMMUNICATIONS, INC.,
LEVEL 3 COMMUNICATIONS, LLC and
LEVEL 3 TELECOM HOLDINGS, INC.,
Defendants,


By:___/s/ Tyler J. Anderson_____
Stephen R. Thomas, ISB No. 2326
Tyler Anderson, ISB No. 6632
of:  MOFFATT, THOMAS, BARRETT,
ROCK & FIELDS, Chtd.
US Bank Plaza Building
101 South Capital Blvd., 10th Floor
Boise, ID  83701-0829
(208) 345-2000

- and-

Joseph E. Jones
of:  FRASER STRYKER PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE  68102-2663
(402) 341-6000

561005-v5

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John B. Massopust
Daniel J. Millea
Zelle, Hofmann, Voelbel,
Mason & Gette LLP
500 Washington Avenue South
Suite 4000
Minneapolis, MN  55415
Telephone:   (612) 339-2020
Facsimile:   (612) 336-9100
dmillea@zelle.com

Brad P. Miller, ISB No. 3630
Hawley, Troxell, Ennis & Hawley LLP
877 Main Street, Suite 1000
P. O. Box 1617
Boise, ID  87301-1617
Telephone:   (208) 344-6000
Facsimile:   (208) 342-3829
bpm@hteh.com

William T. Gotfryd
Susman & Watkins
Two First National Plaza, Suite 600
Chicago, IL  60603
Facsimile: (312) 346-2829
wtglawproj@aol.com


      /s/ Tyler J. Anderson
Tyler J. Anderson