Brad P. Miller, ISB No. 3630
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email:  bpm@hteh.com

John B. Massopust
Dan Millea
ZELLE HOFMANN VOELBEL & MASON LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN  55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KOYLE, CHARLES K. TURNER, and the CARAVELLE CORPORATION, INC. on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>LEVEL 3 COMMUNICATIONS, INC., a Delaware Corporation, LEVEL 3 COMMUNICATIONS, LLC, a Delaware Limited Liability Corporation, LEVEL 3 TELECOM HOLDINGS, INC., a Delaware Corporation, and SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Limited Partnership<br><br>            Defendants. | Case No. CIV-01-0286-S-BLW<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

1

Plaintiffs Dennis Koyle, Charles Turner, and the Caravelle Corporation, Inc. ("Named Plaintiffs"), by counsel, bring this statewide class action on behalf of themselves and all others similarly situated, against Defendants Level 3 Communications, Inc., Level 3 Communications, LLC, and Sprint Communications Company, L.P. ("Defendants") and for their causes of action against Defendants allege and state as follows:

## PARTIES

1. Named Plaintiff, Dennis Koyle is a citizen of the state of Idaho, is a resident of Gooding County, Idaho, and owns land in Gooding County, Idaho through which Defendants installed and are operating a fiber-optic cable or other telecommunications cable ("fiber optic cable").

2. Named Plaintiff, Charles K. Turner is a citizen of the state of Idaho, is a resident of Gooding County, Idaho, and owns land in Gooding County, Idaho through which Defendants installed and are operating a fiber-optic cable or other telecommunications cable.

3. Named Plaintiff, Caravelle Corporation, Inc. is an Idaho corporation with its principal place of business in Idaho. Caravelle Corporation, Inc. owns land in the state of Idaho, Kootenai County, through which Defendants installed and are operating a fiber-optic cable or other telecommunications cable.

4. On information and belief, Defendant Level 3 Communications, Inc. is a Delaware corporation with its principal place of business in Boulder County, Colorado and is doing business in the state of Idaho.

5. On information and belief, Defendant Level 3 Communications, LLC is a Delaware limited liability corporation with its principal place of business in Boulder County, Colorado and is doing business in the state of Idaho.

6. On information and belief, Defendant Sprint Communications Company, L.P. ("Sprint") is a Delaware limited partnership with its principal place of business in Kansas and is doing business in the state of Idaho. On information and belief, Sprint's partners are US Telecom, Inc., a Kansas corporation with its principal place of business in Kansas, UCOM, Inc., a Missouri corporation with its principal place of business in Kansas, UTELCOM, Inc., a Kansas corporation with its principal place of business in Kansas, and Sprint International Communications Company, a Delaware corporation with its principal place of business in Virginia.

7. On information and belief, Defendants by themselves or through their subsidiaries or related entities, groups, affiliates, partners, joint venture partners, agents or otherwise, constructed, installed, owned, used or operated fiber-optic telecommunications equipment and systems and provided telecommunications and related services throughout the United States, including the state of Idaho. Defendants are legally responsible for the acts of their subsidiaries or related entities, groups, divisions, affiliates, partners, joint venture partners and agents that are described in this Complaint, and all of them are included within the term "Defendants" as used in this Complaint.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants because each of them, directly or through their subsidiaries, related entities, or agents, is doing business in the state of Idaho by conducting activities including, but not limited to, contracting with Idaho residents and committing torts in Idaho, and have caused property damage within Idaho by acts or omissions done both within and without this state.

9. This Court has jurisdiction, pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, because a substantial portion of the rights of way at issue in Idaho was originally granted to railroads by the United States government under various federal land grants, and this action therefore presents a substantial federal question.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(a), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district, Plaintiffs reside within this district, and the property, which is the subject of this matter, is located within this district.

## CLASS ACTION ALLEGATIONS

11. This action is brought by the Named Plaintiffs as a statewide class action, on their own behalf and on behalf of others similarly situated, under the provisions of Fed. R. Civ. P. 23.

12. The Named Plaintiffs represent a class ("the Class") consisting of all persons or entities who own or owned, or held any interest in, real property underlying or adjacent to the cable side of a railroad right of way on which the Defendants have entered to install or maintain a fiber-optic or other telecommunications cable. Excluded from the Class are Defendants, all state and federal governments and their agencies, any Indian tribe, and the trial judge.

13. The Named Plaintiffs may bring this action as representatives of the Class because:

    (a) as an owner of such land as is described above, they are entitled to compensation for the use and occupation by Defendants of their land, the

        revenues wrongfully made by Defendants from Defendants' use and occupation of their land, damages and declaratory relief;

    (b)    their claims are typical of the claims of the other members of the Class; and

    (c)    the Named Plaintiffs will fairly and adequately represent the interests of the Class; the Named Plaintiffs have no interest adverse to the interests of the Class; and counsel selected by the Named Plaintiffs are experienced in handling class actions and other complex commercial and consumer litigation and will fairly and adequately represent the interests of all members of the Class.

14. Defendants installed thousands of miles of fiber-optic cable throughout the United States, including Idaho, in land that is or once was subject to a right-of-way easement, license, or occupancy for railroad purposes ("right-of-way land").

15. The Class members consist of current owners of the right-of-way land. Although the exact number of members of the Class is presently unknown, it is estimated that there are not less than one thousand members of the Class throughout Idaho, and the Class is so numerous that joinder of individual members in this action is impractical.

16. Common questions of fact predominate over questions of fact affecting only individual members of the Class. Such common questions include:

    (a)    Whether Defendants adopted policies, procedures and a pattern of practice to install and operate fiber-optic cable through the right-of-way land without seeking or obtaining the consent and permission of the Class members;

(b)  Whether it was Defendants' policy and practice to disregard the rights of underlying landowners when negotiating for and purporting to obtain occupancy rights in the right-of-way land, and when entering and occupying the right-of-way land;

(c)  Whether Defendants acted toward the Class with malice and a reckless indifference to the rights of the Class members;

(d)  Whether Defendants intentionally entered the Class members' land or caused a thing, such as fiber optic cable, to be placed in or used on such land, and failed to remove this thing which it was under a duty to remove;

(e)  Whether Defendants knew that they could not obtain occupancy rights in the right-of-way land from the railroad companies that held merely a right-of-way easement, license, or other limited occupancy rights for railroad purposes ("right-of-way users"), or whether Defendants acted with malice or reckless disregard of whether they could obtain occupancy rights in the right-of-way land from the right-of-way users;

(f)  Whether Defendants asserted any ownership interest or occupancy rights in the right-of-way land and whether Defendants knew that such assertions were false at the time those assertions were made, or whether such assertions were made recklessly and without adequate investigation of their truth;

(g)  Whether Defendants negotiated for or entered into contracts that purported to transfer occupancy rights or ownership interest in entire corridors of railroad right-of-way land and whether Defendants knew or should have

known that such purported transfers were wholly ineffective because the granting party had no legal interest in some or all of the right-of-way land that it could transfer to Defendants for fiber optic or other telecommunications cable purposes; and

(h) Whether Defendants obtained revenues from their use and occupancy of the right-of-way land and the amount of such revenues.

17. Common questions of law predominate over questions of law affecting individual members of the Class. Such common questions include:

(a) Whether Defendants' conduct common to the Class demonstrated malice or reckless indifference, and when viewed objectively at the time of the conduct, involved an extreme risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually and subjectively aware of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others; and thus whether the Class members are entitled to punitive damages based on the conduct of Defendants;

(b) Whether Defendants' acts of (1) intentionally entering the Class members' land or (2) causing a thing, such as fiber optic cable and telecommunications signals over such cable to so enter or remain on the Class members' land, or (3) failing to remove from the Class members' land a thing, such as fiber optic cable, constitutes trespass, which is present and continuing;

      (c)      Whether Defendants' conduct common to the Class resulted in Defendants being enriched at the expense of the Class members or in Defendants retaining a benefit to the detriment and loss of the Class members against the fundamental principles of justice or equity, and good conscience, and thus, constitutes unjust enrichment;

      (d)      Whether Defendants can lawfully obtain from a railroad company, any subsurface or other rights in land for the installation, maintenance, or operation of fiber optic cable, where the railroad company holds or held only an easement or other limited occupancy right for railroad purposes;

      (e)      Whether contracts that purport to have an effect on Class members' land that were entered into secretly between Defendants and railroad companies, amount to or involve fraudulent concealment of torts committed against members of the Class.

18.    The prosecution of separate actions by individual members of the Class would create the risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; or (b) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making declaratory relief appropriate with respect to the Class as a whole.

20.    Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy. Because the actual damages suffered by each individual Class member may be relatively small, compared to the burden and expense of individual prosecution of this complex and extensive litigation, absent a class action, Defendants likely would retain the benefits of their wrongdoing. In addition, individual litigation would increase the delay and expense to all parties and to the court system. By contrast, this Class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FACTS APPLICABLE TO ALL COUNTS

21.    Over the last several decades, as fiber-optic cable technology improved and the demand for voice and data capacity increased, telecommunications companies, including Defendants, sought to construct their own nationwide fiber-optic cable network ("network") to carry long distance voice and data transmissions. An extensive nationwide network would provide a significant competitive advantage to a company completing a network using the new and improved fiber-optic technology.

22.    Defendants, like the other telecommunications companies, sought to construct their own national network as quickly as possible in order to remain competitive or, if possible, to secure a competitive advantage.

23.    In order to complete such a network, fiber-optic cable had to be laid across thousands of miles of land that the telecommunication companies did not own.

24.    Due to the competitive need to construct the network as quickly as possible, on information and belief, Defendants made the business decision to forego the time-consuming negotiation and compensation process with the Named Plaintiffs and the Class members and instead deliberately disregarded the Class members' rights by entering agreements with other

entities which had no rights to negotiate access to and the use of Class members' land for the installation and construction of Defendants' network. Instead, Defendants or their agents entered into agreements with right-of-way users for the purported, but wrongful access to the right-of-way land.

25. Defendants entered into agreements with railroad companies purporting to obtain the right to occupy land belonging to members of the Class. On information and belief, under such agreements, Defendants have agreed to pay millions of dollars to the railroad companies.

26. Following such agreements, Defendants or their agents constructed, installed and are operating a network of hundreds of miles of fiber-optic cable through land that belongs to the Class members. Defendants claim to have thousands of miles of fiber-optic cable in service or under construction, connecting most, if not all, major metropolitan areas in the United States.

27. A substantial part of Defendants' cable is on right-of-way land in Idaho that is owned by members of the Class.

28. The land through which Defendants have installed and are operating much of their fiber-optic cable includes land that is or was subject to an easement, license, or other occupancy for railroad purposes.

29. Access to railroad rights of way, including the rights of way on which Defendants own and are operating a fiber-optic network, have historically been obtained by railroads:

      (a)    by federal land grant legislation;

      (b)    by condemnation; or

      (c)    by private conveyance.

30. Whether created by land grant, by condemnation, or by private conveyance, railroad rights of way were limited at the time of acquisition and today exclusively to railroad purposes.

31. Because the railroad rights of way are limited exclusively to railroad purposes, the railroad companies that held or hold the railroad rights of way have never held, and cannot lease, license, convey, or otherwise transfer or create any rights in, under, over, or across railroad right-of-way land for purposes other than railroad purposes.

32. Defendants' fiber-optic network is not a railroad purpose.

33. Railroad rights of way are extinguished as a matter of law whenever the land ceases to be used for railroad purposes and the burden of the railroad right-of-way interest is thus removed and full rights of use and possession to the railroad right-of-way land are returned to the underlying landowners as a matter of law.

34. Defendants knew or should have known that the railroad companies that held merely a right-of-way easement for limited purposes could not grant Defendants the right to install, maintain, or operate fiber-optic cable, or Defendants acted with reckless disregard and malice as to whether the right-of-way users could grant Defendants the right to install, maintain, or operate fiber-optic cable in the right-of-way land.

35. Defendants further knew or should have known that with respect to certain right-of-way land over and under which it had constructed, installed and is operating a network, the respective railroad's right-of-way rights had been extinguished since such right-of-way land was no longer used for its limited purpose. Accordingly, the burden of the railroad right-of-way interest is thus removed and the full rights of use and possession of such land are returned to the members of the Class unencumbered of any right of way.

36. On information and belief, Defendants' practice and policy, once it entered into an agreement with a right-of-way user, was to not inform the underlying landowners that Defendants were entering the right-of-way land and installing and maintaining fiber optic and other telecommunications cable, and to not obtain consent from or pay any compensation to the underlying landowner.

37. Defendants have not obtained a valid easement, license, or legal occupancy permitting them to install or operate fiber-optic cable through the land of the members of the Class, nor have they obtained any other valid right in the land of the members of the Class, whether pursuant to the aforesaid agreements with right-of-way users or otherwise. Nevertheless, in addition to the wrongful construction, installation and operation of Defendants' network, Defendants have contracted with other telecommunications companies to either use Defendants' network for their own telecommunication purposes or to construct and install additional fiber-optic cable along the same corridor as Defendants installed their own cable. On information and belief, Defendants have received or will receive hundreds of millions of dollars as a result of these contracts.

38. Defendants knew or should have known that they had no legal right, nor color of title in the land of the Named Plaintiffs and the other members of the Class.

39. Defendants entered upon the land of the Named Plaintiffs and the other members of the Class and installed, maintained, and operated fiber optic and other telecommunications cables through the land, without the consent or permission of the Named Plaintiffs and the other Class members, without having paid or offered sufficient or any compensation to the Named Plaintiffs and to other Class members, and without having instituted eminent domain proceedings to obtain any legal rights to the land or to assess such compensation.

40. Upon information and belief, Defendants have reaped and will reap millions of dollars of income from their occupation and use of the land of the Named Plaintiffs, the other Class members, and similarly situated landowners in other states, and these unlawfully gained revenues rightfully should be disgorged to the Named Plaintiffs and the other members of the Class.

## COUNT I
(Declaratory Judgment)

41. The Named Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint.

42. A genuine dispute exists between Defendants and the Named Plaintiffs and the other Class members concerning Defendants' right to use and occupy the right-of-way land without permission and without compensating the Named Plaintiffs and other Class members for such use and occupation.

43. The Named Plaintiffs and the Class are entitled to a declaration that Defendants have no legal rights to exercise dominion and control over the right-of-way-land or to use such land to construct and operate its fiber-optic network.

44. The Named Plaintiffs and the Class are entitled to a declaration that Defendants have no legal right or interest in the right-of-way land vis à vis the Named Plaintiffs and the Class.

WHEREFORE, the Named Plaintiffs and other Class members pray for declaratory relief as set forth below.

## COUNT II
(Declaratory Judgment - Land Grant Statutes)

45. The Named Plaintiffs incorporate by reference paragraphs 1 through 44 of this Complaint.

46. The Named Plaintiffs and the Class are entitled to a declaration that the property interest obtained by railroads in the railroad rights of way under applicable federal land grant statutes constitutes an easement or other right of use limited to railroad purposes, not including use of the right of way for purposes related to Defendants' fiber-optic cable network.

WHEREFORE, the Named Plaintiffs and other Class members pray for declaratory relief as set forth below.

## COUNT III
(Declaratory Judgment - Condemnation)

47. The Named Plaintiffs incorporate by reference paragraphs 1 through 46 of this Complaint.

48. The Named Plaintiffs and the Class are entitled to a declaration that the property interest obtained by railroads in the railroad rights of way through condemnation constitutes an easement for railroad purposes, not including use of the right of way for purposes related to Defendants' fiber-optic cable network.

WHEREFORE, the Named Plaintiffs and other Class members pray for declaratory relief as set forth below.

## COUNT IV
(Declaratory Judgment - Private Conveyances)

49. The Named Plaintiffs incorporate by reference paragraphs 1 through 48 of this Complaint.

50. The Named Plaintiffs and the Class are entitled to a declaration that the property interests obtained by railroads in the railroad rights of way by private conveyance do not include the use of the right of way for purposes related to Defendants' fiber-optic cable network.

WHEREFORE, the Named Plaintiffs and other Class members pray for declaratory relief as set forth below.

## COUNT V
(Trespass)

51. The Named Plaintiffs incorporate by reference paragraphs 1 through 50 of this Complaint.

52. Defendants' actions in intentionally and without authorization entering upon the land of the Named Plaintiffs and the other Class members by constructing, installing, maintaining, or otherwise operating fiber-optic cable without right constitute a present and continuing trespass.

53. As a direct and proximate result of Defendants' trespass upon the land of the Named Plaintiffs and other Class members, Defendants have received and continue to receive substantial revenues from their commercial occupation and use of said land, and such revenues have not been paid to the Named Plaintiffs and Class members.

54. The Named Plaintiffs and the other Class members are entitled to common damages proximately caused by Defendants' trespass, including damages such as the reasonable value of the use of the land for Defendants' commercial purposes, or, at Named Plaintiffs' election, all revenues arising from Defendants' trespass.

WHEREFORE, the Named Plaintiffs and other Class members pray for damages and the other relief as set forth below.

## COUNT VI
(Unjust Enrichment)

55. The Named Plaintiffs incorporate by reference paragraphs 1 through 54 of this Complaint.

56. As a direct and proximate result of Defendants' intentional and unlawful use and occupation of their land, the Named Plaintiffs and the other Class members have been deprived of the rents, profits, and other benefits arising from Defendants' commercial use and occupation of their land. Defendants have been unjustly enriched by their wrongful receipt and retention of millions of dollars of rents, profits and other benefits owed to the Named Plaintiffs and other Class members and, in equity, Defendants should not be allowed to retain such rents, profits and benefits.

57. The Named Plaintiffs and the other members of the Class are entitled to a judgment disgorging from Defendants all sums they have received as rents, profits and other benefits arising from Defendants' unlawful commercial use and occupation of the land of Named Plaintiffs and other Class members.

WHEREFORE, the Named Plaintiffs and other Class members pray for damages and the other relief as set forth below.

## DAMAGES

58. The Named Plaintiffs and the other Class members have suffered actual damages resulting from Defendants' trespass, such amounts to be proven at trial, and being within the jurisdictional limits of this Court.

## PUNITIVE DAMAGES

59. The wrong done to the Named Plaintiffs and the Class members by Defendants was attended by fraud, malice, intentional willful or wanton conduct and/or wrongdoing, or

reckless disregard for the rights of the Class members. When viewed objectively from Defendants' standpoint at the time of the conduct, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually and subjectively aware of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs, therefore, seek punitive damages in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, the Named Plaintiffs and the other Class members pray that this matter be certified as a class action and for relief and judgment against Defendants:

1. Awarding Class members damages in the amount of the reasonable value of the use of the land for Defendants' commercial purposes, or at Plaintiffs' election, all revenues arising from Defendants' trespass;

2. Directing Defendants to render a just and full accounting of all sums received by Defendants as a result of their trespass;

3. Holding that the doctrine of unjust enrichment applies and ordering Defendants to pay to the Class members all sums received by Defendants flowing from the unlawful or unjust use of the right-of-way land;

4. Declaring that (a) Defendants did not obtain any title or interest or right to occupy or use the right-of-way land from agreements made with railroad companies; (b) the agreements between Defendants and railroad companies create no lawful encumbrance on the right-of-way land; (c) Defendants have no valid easement, license, or other right of occupancy in the right-of-way land; and (d) the railroad right-of-way users with whom Defendants entered into agreements did not possess the right to authorize fiber-optic cable use on rights of way limited to railroad

purposes, including rights of way obtained by land grant, by condemnation, and by private conveyance;

     5.     Awarding Named Plaintiffs their costs and expenses incurred in obtaining the foregoing declarations of law;

     6.     Awarding Class members pre-judgment and post-judgment interest;

     7.     Awarding Class members punitive damages;

     8.     Awarding Class members their attorneys' fees; and

     9.     Awarding such further relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiffs request a trial by jury in this matter as to all issues so triable.

Dated:  December 16, 2010          **ZELLE HOFMANN VOELBEL & MASON LLP**

/s/Dan Millea
Dan Millea
500 Washington Avenue South
Suite 4000
Minneapolis, MN  55415
Telephone:  (612) 339-2020
Facsimile:  (612) 336-9100

-- AND --

/s/Brad P. Miller
Brad P. Miller
**HAWLEY TROXELL ENNIS & HAWLEY LLP**
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email:  bpm@hteh.com

**OF COUNSEL:**

Nels Ackerson
Kathleen Kauffman
**ACKERSON KAUFFMAN FEX, PC**
1701 K Street, NW, Suite 1050
Washington, DC 20006
Telephone:  (202) 833-8833
Facsimile:  (202) 833-8831

Henry J. Price
**PRICE, WAICUKAUSKI & RILEY, LLC**
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:  (317) 633-8787
Facsimile:  (317) 633-8797

Roger C. Johnson
**KOONZ, MCKENNEY, JOHNSON,**
**DEPAOLIS & LIGHTFOOT, L.L.P.**
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, DC 20006
Telephone:  (202) 659-5500
Facsimile:  (202) 822-1828

## CERTIFICATE OF SERVICE

     I hereby certify that on December 16, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Joseph E. Jones   -   jjones@fslf.com
    Stephen R. Thomas   -   srt@moffatt.com
    Tyler J. Anderson   -   tya@moffatt.com

     I further certify that a courtesy copy of the foregoing was sent by electronic mail and first-class United States Mail to the following non-ECF participants:

    Sprint Communications Company, L.P.
    c/o J. Emmett Logan, Esq.
    **STINSON MORRISON HECKER LLP**
    1201 Walnut, Suite 2900
    Kansas City, MO  64106
    816-842-8600 (telephone)
    816-691-3495 (facsimile)
    elogan@stinson.com

No appearance by Sprint Communications Company, L.P., or J. Emmett Logan, has yet been formally entered in this matter.

Dated this 16th day of December, 2010.

                        /s/ Dan Millea
                        Dan Millea
                        Attorney for Plaintiffs