IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KOYLE, CHARLES K. TURNER, and the CARAVELLE CORPORATION, INC. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, INC., a Delaware Corporation, LEVEL 3 COMMUNICATIONS, LLC, a Delaware Limited Liability Corporation, LEVEL 3 TELECOM HOLDINGS, INC., a Delaware Corporation, and SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Limited Partnership,<br><br>Defendants. | Case No. CIV-01-0286-S-BLW<br><br>**ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE** |

Counsel for Plaintiffs and Defendants have moved under Federal Rules of Civil Procedure 23(b) and (e) for an order: (1) certifying a settlement class; (2) preliminarily approving a class settlement on the terms and conditions set forth in the Idaho Class Settlement Agreement (the "Settlement Agreement"); and (3) approving forms and a program for class notice. Terms capitalized herein and not defined shall have the meanings ascribed to them in the Settlement Agreement. The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all its exhibits, and has heard the

presentations of counsel appearing with respect thereto. On the basis thereof, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of a class under the Settlement Agreement (the "Settlement Class"), defined as follows:

> a class comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, *provided*, that "Settlement Class" or "Class" does not include: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

3. In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a class, the prerequisites to class certification under Rule 23(a) are satisfied, to-wit:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to members of the Settlement Class, including the central question of their right to compensation for Settling Defendants' occupation of Rights of Way with Telecommunications Cable Systems;

   c. The claims of the following named Plaintiffs are typical of the claims of the Settlement Class members: Dennis Koyle, Charles K. Turner, and the Caravelle Corporation, Inc.

d. Each Plaintiff, represented by counsel experienced in complex litigation, will fairly and adequately protect the interests of the Settlement Class.

4. In light of the agreement to settle the Action and the resulting elimination of individual issues that the Settling Defendants contend precludes certification of a class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped to take any position relating to class certification.

6. The following named Plaintiffs in the Class-Action Complaint filed in this action (the "Complaint") are hereby designated as the Class Representatives for the Settlement Class: Dennis Koyle, Charles K. Turner, and the Caravelle Corporation, Inc.

7. The following counsel are designated and authorized to act as Settlement Class Counsel:

| | |
|---|---|
| Nels Ackerson<br>ACKERSON KAUFFMAN FEX, P.C.<br>1250 H Street, NW, Suite 850<br>Washington, DC 20005 | Henry J. Price<br>PRICE, WAICUKAUSKI & RILEY, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204 |
| Kathleen C. Kauffman<br>ACKERSON KAUFFMAN FEX, P.C.<br>1250 H Street, NW, Suite 850<br>Washington, DC 20005 | Dan Millea<br>ZELLE HOFMANN VOELBEL & MASON LLP<br>500 Washington Avenue South, Suite 4000<br>Minneapolis, MN 55415 |
| Irwin B. Levin<br>COHEN & MALAD, LLP | Andrew W. Cohen<br>KOONZ, MCKENNEY, JOHNSON, |

| One Indiana Square, Suite 1400<br>Indianapolis, IN 46204 | DEPAOLIS & LIGHTFOOT, L.L.P.<br>2001 Pennsylvania Avenue, N.W., Suite 450<br>Washington, DC 20006 |
|---|---|
| Scott D. Gilchrist<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204 | Brad P. Miller<br>HAWLEY TROXELL ENNIS & HAWLEY LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617 |

8. The terms and conditions set forth in the Settlement Agreement, including the provision for substantial cash payments to be made by the Settling Defendants to Class Members who become Qualified Claimants in return for the Release of Claims and conveyance of Telecommunications Cable System Easement Deeds, place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

9. A hearing (the "Fairness Hearing") shall be held on June 14, 2011, at 11:00 a.m. before the undersigned in Courtroom No. 3, James A. McClure Federal Building and United States Courthouse, 550 West Fort Street, Boise ID 83724-0101. The date of the Fairness Hearing will be included in the Notice and Summary Notice. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing the claims of the Settlement Class Members and bringing the litigation of those claims to a conclusion; and (c) consider other Settlement-related matters and appropriate attorneys' fees. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class Members, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to Class Members.

10. The Court appoints Rust Consulting, Inc., of Minneapolis, Minnesota, to serve as Claims Administrator.

11. The Court has reviewed the Notice of Class Action, Proposed Settlement, and Settlement Hearing (the "Notice"), and the Summary Notice, attached to the Settlement Agreement, as Exhibits C and D, respectively. Following the January 25, 2011 Preliminary Fairness Hearing, counsel filed a revised version of the Notice on January 27, 2011, and the Court approves as to form the Summary Notice and the revised version of the Notice. The Court also approves the method of directing notice to Class Members, as set forth in paragraphs 12 and 13 below.

12. Within thirty (30) days of the Claims Administrator's receipt of information identifying Class Members, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States Mail, first class postage prepaid, to members of the Settlement Class who currently own real property that underlies, adjoins, or includes a Right of Way on the Cable Side. The Claims Administrator also shall mail copies of the Notice to any other potential Class Members that request copies or that otherwise come to its attention.

13. As soon as publication schedules practically permit, but no sooner than five (5) days after the initial mailing of the Notice, the Claims Administrator shall cause the Summary Notice, the content of which shall be substantially as set forth in Exhibit D to the Settlement Agreement, to be published, as set forth in the plan of publication contained in the Affidavit of Katherine Kinsella, which the parties filed on January 21, 2011.

14. The Court finds that the foregoing plan for notice to Class Members will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

15. Prior to the Fairness Hearing, counsel for Defendants and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that the plan for disseminating the Notice and the Summary Notice has been accomplished in accordance with the provisions of paragraphs 11 and 12 above.

16. Members of the Settlement Class who wish to exclude themselves from the Class must request exclusion by April 18, 2011, and in accordance with the instructions set forth in the Notice. Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim Form to the Claims Administrator. Class Members who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim Form to the Claims Administrator.

17. This Court finds that it has the authority under Federal Rule of Civil Procedure 70 and as provided in the Settlement Agreement to direct all Class Members who own a current interest in a Qualifying Parcel and who have not requested exclusion from a Settlement Class, regardless of whether they file a Claim Form for Landowner Benefits, to grant a Claims Administrator Telecommunications Cable System Easement Deed to the Settling Defendants, as provided in the Settlement Agreement. Class Members shall be advised in the Notice and Summary Notice of the Court's authority to convey a Claims Administrator Telecommunications Cable System Easement Deed, unless they exclude themselves from the Settlement Classes.

18. Class Members who do not request exclusion may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorneys'

fees) on or before April 18, 2011.  Any Class Member who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the Class Member has submitted written objections, may pursue those objections.  No Class Member, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the Class Member has served and filed by first-class mail, postage prepaid and postmarked no later than April 18, 2011, copies of the statement of objection, together with any supporting brief and all other papers the Class Member wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Class Member may appear and personally object.  Any such objection, brief, notice of appearance, or other related document must be filed with the Court at the following address:

> U.S. District Court for the District of Idaho
> Clerk's Office
> 550 W. Fort St.
> Boise, ID 83724

and served on the following representative of Settlement Class Counsel:

> Fiber Optic Class Counsel
> P.O. Box 441711
> Indianapolis, IN  46244

and on the following representative of the Settling Defendants:

> Emmett Logan
> STINSON MORRISON HECKER, LLP
> 1201 Walnut, No. 2900
> Kansas City, MO  64106-2150

Each statement of objection must identify (a) the name and address of the Class Member, (b) the name and address of the Class Member's counsel, if any, and, (c) in order to confirm Settlement Class membership, the legal description of the Class Member's Qualifying Parcel.  Unless

otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

19. All papers in support of the proposed Settlement Agreement shall be filed at least thirty (30) days prior to the Fairness Hearing. Settlement Class Counsel shall file their application for an award of attorneys' fees, costs, and class representative service fees, at least thirty (30) days prior to the Fairness Hearing.

20. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

21. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Classes for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlements (including this Order (except as to this paragraph) and any judgment entered herein) shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

22. Neither the Settlement Agreement, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, the Settling Defendants, any Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

23. The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.



DATED: January 28, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court